LAURA WHITE ET AL. V. MARY SMALL ET. AL.

Decided December 13, 1899.

**Homestead of Decedent—Partition—Unmarried Daughter.**

Where, upon the death of both husband and wife, the only remaining constituent of the family was an unmarried daughter over 21 years of age, her right in the homestead was not such as would enable her to prevent or defer a partition thereof, demanded by other heirs. Constitution, article 16, section 52, and Revised Statutes, articles 2046, 2049, 2054, 2057, 2058, construed.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Geo. Powell,* for appellant.

*Clark, Ball & Fuller,* for appellee.

JAMES, CHIEF JUSTICE.—The facts in this case are not disputed It is a suit to partition certain property owned in common, a part of which was the homestead of W. W. White and his wife, through whom all parties inherit the community property sought to be divided. After White's death the homestead continued to be occupied by Mrs. White and appellant, their daughter. After Mrs. White's death appellant has continued to occupy the homestead. No debts were left by either of the parents, who died intestate, and no administration has been taken out upon either of their estates, and none could legally be had. Appellant is an unmarried female, and over twenty-one years of age. It appears that there are no minor children of either W. W. White or his wife.

The conclusion and judgment of the court upon these facts were, that appellant had no such right in the homestead as would enable her to prevent or defer partition in respect thereto.

Section 52 of article 16 of the Constitution provides that upon the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be

governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving wife or husband, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use or occupy the same.

The Legislature has placed no restriction upon the right to partition the homestead where the conditions are as shown by the facts in the case. On the contrary, it is enacted by article 2057, Revised Statutes, that "the homestead shall not be partitioned among the heirs of the deceased during the lifetime of the widow, or so long as she may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same." This enactment is a recognition of the right to a partition of the homestead as against the claims of an adult child, male or female. Unless there is elsewhere in our legislation some provision postponing the partition among the heirs, in favor of an adult daughter, a constituent of the family, then clearly no right exists in appellant to oppose the partition here sought.

Appellant appeals to articles 2046, 2049, and 2054 of the Revised Statutes. The Constitution is silent as to unmarried daughters, and what right they have in the homestead is by statute.

Article 2046 makes it the duty of the probate court, upon the return of the inventory in an administration, to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property as may be exempt from execution or forced sale by the Constitution and laws of the State, with the exception of the exemption of one year's supply of provisions.

Article 2049 provides to whom the exempt property shall be delivered, and concludes with this clause: "In all cases the homestead shall be delivered to the widow, if there be one, or if there be no widow, to the guardian of the minor children and unmarried daughters, if any, living with the family."

The above articles clearly withdraw the homestead from administration and from creditors, and at least as against the latter recognizes a homestead right in an unmarried daughter.

Article 2054 provides: "Upon a final settlement of such estate, the exempted property, except the homestead, which has been set apart to the widow and children, or both, together with any allowance that has been received by them in lieu thereof, shall be subject to partition and distribution among the heirs and distributees of such estate in like manner as the other property of the estate." Upon this provision appellant appears to base her claim. If it in terms included the class of unmarried daughters, we believe the position would be correct.

But, as it is, we think due regard to other articles clearly expressed, to wit, article 2057, above mentioned, and article 2058, require us to

hold that the Legislature did not intend to make the right to partition among the heirs subordinate to any other than the claims of the widow and minor children.

Upon this view of the case the demurrers were properly overruled and the judgment rendered correct, and it is therefore affirmed.

*Affirmed.*