PECOS & NORTHERN TEXAS RAILWAY COMPANY v. J. N. RAYZOR.

No. 2341. Decided January 27, 1915.

**1.—Limitation—Commencement of Suit—Jurisdiction.**

Institution of suit in a court having no jurisdiction of the subject matter in controversy will not interrupt the running of the Statute of Limitation against the cause of action. (P. 547.)

**2.—Same—Pleading—Amount in Controversy.**

In an action against a carrier for damage to property in shipment, brought in the County Court, plaintiff alleged that he was "thereby damaged in the sum of $975"; that thereby defendants "became justly indebted to the plaintiff in said sum of $975"; and that they refused payment "to plaintiff's damage in the said sum of $975." The damages as itemized in his petition were, $850 for depreciation in value of the property (piano) and $125 for expense of repairing. The prayer was for "judgment for his said damages in the sum of $975, with legal interest thereon, for costs of suit, and for general relief." Held, that it was not clear therefrom that interest on the $975 from the date of injury was sought to be recovered as a part of the judgment for damages, rather than interest from the date of judgment; and that, under the rule that in a doubtful case all intendments of plaintiff's pleading will be in favor of the jurisdiction, the action should be taken to be one for $975 only, to be within the jurisdiction of the County Court, and to have interrupted limitation. (Pp. 548, 549.)

**3.—Cases Distinguished.**

Schulz v. Tessman, 92 Texas, 488, and Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 459, distinguished from this case. (Pp. 548, 549.)

Question certified from the Court of Civil Appeals, Second District, in an appeal from Denton County.

*Emory C. Smith, Spoonts, Thompson & Barwise, J. M. Chambers, Terry, Cavin & Mills, A. H. Culwell,* and *Rodman S. Cosby,* for appellants.—Upon the question as to what period would bar the action herein sued upon, see: F. W. & D. C. Ry. Co. v. McAnulty, 7 Texas Civ. App., 321; G., H. & S. A. Ry. Co. v. Clemons, 19 Texas Civ. App., 452; Thomas v. W. U. Tel. Co., 25 Texas Civ. App., 398.

Upon the question as to whether limitation would run to the time when the second amended petition was filed, see: Ball v. Hagy, 54 S. W., 915; I. & G. N. Ry. Co. v. Flory, 118 S. W., 1117; Telegraph Co. v. Noland, 77 S. W., 1031.

*Owsley & Sullivan* and *Alvin M. Owsley,* for appellees.—The amount which could be recovered in this cause under the plaintiff's original petition, or either of the amended petitions, is less than one thousand dollars, and the County Court had jurisdiction of this cause from its beginning. San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 64; Atchison, T. & S. F. Ry. Co. v. Dawson, 90 S. W., 65; Schulz v. Tessman, 92 Texas, 490; Rose v. Riddle, 3 App. C. C. (Willson), 298; Houston E. & W. T. Ry. Co. v. McMillan, 37 Texas Civ. App., 483; Western U. Tel. Co. v. Garner, 83 S. W., 433; Sutherland on Damages, vol. 1, page 17.

In determining jurisdiction the court will look to the allegations in the petition rather than the prayer, and a general prayer for interest only refers to interest on the judgment which may be recovered. Stone v. Adams Express Co., 122 S. W., 200; San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 64; Atchison, T. & S. F. Ry. Co. v. Dawson, 90 S. W., 66.

Mr. Justice PHILLIPS delivered the opinion of the court.

The Honorable Court of Civil Appeals for the Second District has certified for our determination the question appearing at the close of their certificate, which is here copied:

"The above entitled cause is now pending before us on a motion for rehearing and we deem it advisable to certify to your honors the question hereinafter stated arising from the following state of facts:

"On the 5th day of October, 1907, appellee J. N. Rayzor filed his original petition in the County Court of Denton County complaining of the Pecos & Northern Texas Railway Company and the Fort Worth & Denver City Railway Company because of negligence and resulting damages to a shipment of pianos from Denton, Texas, over the railway lines of the companies named to Hereford, Deaf Smith County, Texas. It was alleged in said original petition that said pianos were delivered to said defendants on the 12th day of September, 1906, and, after alleging the negligence relied upon and making other necessary averments, it was further charged that 'the said pianos were so carelessly and negligently handled and managed by the said defendants and each of them that they were broken and defaced, and otherwise injured in so

much that the value was reduced in the sum of eight hundred and fifty dollars, and the plaintiff was put to the further cost and expense in repairing and handling the said pianos in his endeavor to lessen the damage as much as possible in the sum of one hundred and twenty-five dollars and that the plaintiff was thereby damaged in the sum of nine hundred and seventy-five dollars. That in the manner and by the means aforesaid, the defendants and each of them, became justly indebted to the plaintiff in said sum of nine hundred and seventy-five dollars, and though the same is long since due and the plaintiff has often demanded payment thereof, the defendants and each of them, have wholly failed to pay the same or any part thereof and still fail and refuse so to do to plaintiff's said damage in the said sum of nine hundred and seventy-five dollars. Wherefore, plaintiff prays that the defendants be cited to answer this petition, and that on the trial hereof he have judgment for his said damages in the sum of nine hundred and seventy-five dollars, with legal interest thereon, for costs of suit and for general relief.' On January 4, 1908, appellee filed his first amended original petition which sets forth the negligence relied upon and the manner and extent of damage in substantially the same terms as was used in the original petition. A trial thereon before the court without a jury resulted in a judgment in favor of appellees for the sum of seven hundred dollars. On appeal from the judgment referred to it was reversed and the cause remanded by us on the ground that the damages stated in the petition exceeded the County Court's jurisdiction as will more fully appear from the opinion in the case reported in 125 S. W., 619. Thereafter on April 25, 1910, appellee filed his second amended original petition in all material respects averring negligence and claiming damages in manner and total amount as in his said two former petitions, but with the following further allegation and prayer, viz: 'That the plaintiffs herein have never sued for or sought to recover interest upon the damage suffered by them as aforesaid, except from and after the rendition of a final judgment in this cause and have not sought to recover either by way of damages, interest or otherwise, any sum exceeding the sum of nine hundred and seventy-five dollars, but they have laid their damages at said sum of nine hundred and seventy-five dollars to cover the full amount herein sued for, including their damages and such interest as they may be entitled to from and after the rendition of the judgment herein.' And the prayer, so far as material, was for 'judgment for his (appellee's) said damages in the said sum of nine hundred and seventy-five dollars, with legal interest thereon from the rendition of the final judgment herein and no more.' To this second amended original petition the defendants, among other things, for the first time interposed the plea of the two years statute of limitation. The trial before a jury resulted in a verdict and judgment for seven hundred and fifty dollars, equally apportioned between the appellants herein. The present appeal is from this latter verdict and judgment and substantially the only question presented on this appeal is whether appellee is precluded from a recovery by virtue of the two years statute of limitation. On a former

day of this term the majority concluded that he is, Conner, Ch. J., dissenting, as will more fully appear by the opinion then rendered to be transmitted herewith.

"We, accordingly, certify to your honors for determination the question whether under the allegations and statements hereinbefore made, appellee is barred by the two years statute of limitation from all recovery."

If the County Court was without jurisdiction of the cause of action declared upon in the original petition, the filing of the petition was not the "commencement and prosecution of a suit," and did not operate as an interruption of limitation. Ball v. Hagy, 54 S. W., 915; International & G. N. R. R. Co. v. Flory, 118 S. W., 1116; Sweet v. Light Company, 97 Tenn., 252, 36 S. W., 1090. We think that is evident. Nothing is better settled than that in a suit which the court is inherently without the power to hear and determine, any judgment rendered and all proceedings had in its relation are mere nullities. Under this fundamental rule, with the court destitute of all authority to give to the suit any cognizance, it is difficult to conceive that the filing of the petition could have any legal effect. To constitute the proceeding "a suit" or "action," in any legal sense, it is essential that it rest in a court with the power to hear it. Without such a forum it is not "a suit," since it lacks that which is as necessary to make it a suit as the petition itself. That which the law denominates as a wholly vain proceeding can hardly be characterized "a suit" or "action." If it will support nothing, and can affect nothing, how can it count for anything?

There is no adjudication of which we are aware that supports the view that, in the absence of a saving statute, the filing of a petition interrupts limitation where the court was without jurisdiction of the cause of action alleged. In volume 25, Cyclopedia of Law and Procedure, page 1299, there is a general text to the effect that a want of jurisdiction in the court in which the action is brought, does not operate to prevent the interruption of limitation. But this is a loose and misleading statement. The cases cited in support of it are from the Georgia and Louisiana courts. We have not deemed it necessary to review all of them, but an examination of the latest case cited from each court reveals that in each instance the decision was rested upon a saving statute. In the Georgia case, for illustration (119 Ga., 781, 47 S. E., 366), the original action was instituted in a court having jurisdiction of the subject matter, but not of the person of the defendant. It was held that in selecting the venue for her original action the plaintiff made a mistake; that the action was not void, the court having jurisdiction of the subject matter; and that the plaintiff had not been guilty of such laches as to warrant the view that she had done nothing to interrupt limitation, it being added, that "section 3786 of the Civil Code was intended to afford relief from such mistakes, accidents and errors." In the course of the opinion in that case, by Justice Lamar, there appears this significant statement,—a clear recognition that if the original pro-

ceeding is a vain one, limitation is not thereby interrupted,—"*Unless the case is an absolute nullity*, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum." Each case cited in the opinion rests upon a like remedial statute.

While believing that the majority of the Honorable Court of Civil Appeals were correct in this position, we are convinced that the plaintiff is not barred from recovery on account of limitation, since it is clear to us that his original petition should not be construed as seeking recovery of an amount beyond the jurisdiction of the County Court. It appears that twice in the petition he distinctly laid his damages,—and his total damages, at $975, once in connection with the alleged injury to the shipment and his subsequent expense, and again, as a part of an allegation of the defendants' indebtedness on account of the injury, his demand for payment and their refusal. This far it is made plain that the full amount to which he considered himself entitled and for which he was seeking recovery, was only $975. Nowhere else, except in the prayer, is the amount of recovery dealt with. To repeat the prayer, it is, "Wherefore plaintiff prays that the defendants be cited to answer this petition, and that on the trial hereof he have judgment for his said damages in the sum of nine hundred and seventy-five dollars, with legal interest thereon, for costs of suit and for general relief." Interest was, of course, recoverable in this character of case only as damages (Baker v. Smelser, 88 Texas, 26, 33 L. R. A., 163, 29 S. W., 377); and if it be true that the prayer is subject necessarily to the construction that recovery of interest upon the $975 was sought as a part of the judgment, as distinct from legal interest upon a judgment for $975, the case would be one where the amount sought to be recovered exceeded the jurisdiction of the court. But is the prayer reasonably subject to only that construction? We think not. It is as readily subject to the construction of a prayer for a judgment for $975, the amount of his alleged damages, with legal interest on the judgment. That is the construction, therefore, which should be applied. Where the essential jurisdictional facts are alleged, before a litigant is, upon this ground, deprived of the right to be heard in the court of his selection, it is but a reasonable requirement that, in an allegation of his petition relied upon by his adversary to defeat the very jurisdiction he is invoking, it shall appear, not doubtfully, but plainly, that the jurisdiction of the court is negatived. In any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction. Dwyer v. Bassett, 63 Texas, 274.

In Schulz v. Tessman, 92 Texas, 488, 49 S. W., 1031, it is shown that the plaintiffs' damages were laid at "the sum of $1000 with interest thereon at the rate of 6 per cent per annum." The prayer, as shown by the record, though not distinctly stated in the opinion, was for a judgment for $1000 "with interest thereon from the 15th day of August, 1896 (the alleged date of the accrual of the damages) at the rate of six per cent per annum." It thus plainly appeared that the recovery of interest was sought as a part of the damages. It is likewise reasonably

evident in Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 459, 84 S. W., 1054, both from the statement of the case and the prayer of the petition, that recovery of the interest was sought as a part of the judgment, and to be included in the amount for which it was prayed judgment be rendered, the prayer being, "and that upon final trial he have judgment for his damages, interest and costs of suit." In the case here it can not be unmistakably affirmed from the language of the prayer of the petition, that interest was sought as a part of, and to be included within, the amount of the judgment; and, accordingly, the prayer should be so construed as to support the jurisdiction of the court, rather than to defeat it.

We answer the certified question, that the appellee is not barred by limitation from recovery.