GULF, C. & S. F. RY. CO. v. WHITE et al. (No. 768.)

(Court of Civil Appeals of Texas. Amarillo. April 10, 1915. Rehearing Denied May 15, 1915.)

COURTS ⊂⊃170—TEXAS COUNTY COURT—JURISDICTIONAL AMOUNT.

Since interest is not allowable on personal injury claims prior to the date of judgment unless plaintiff prays for the same, none can be included in the judgment so as to affect the jurisdictional amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ⊂⊃170.]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by Charles L. White, individually and as next friend, etc., against the Gulf, Colorado & Santa Fé Railway Company and another. From a judgment for plaintiff against the defendant named, it appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellant. Jones & Miller, of Amarillo, for appellee White.

HALL, J. This suit was instituted by appellee Charles L. White, for himself and as next friend of his son, Charles L. White, Jr., against appellant and the Pecos & Northern Texas Railway Company, to recover damages in the sum of $1,000, alleged to have been sustained by said child while on defendant's passenger train between Sweetwater, Tex., and Coleman, Tex., August 19, 1913. The trial resulted in a verdict for plaintiff against appellant alone for $20 for Charles L. White and $75 for the use and benefit of his son. It is unnecessary to set out the pleadings or the evidence in detail.

Appellant first raises the question of jurisdiction, which is urged in this court for the first time. It contends that, since appellee sued for $1,000 the county court was without jurisdiction of the amount. It is insisted that the amount claimed in the petition bore interest at the rate of 6 per cent. from the date of the injury until the trial. The prayer was for $1,000, and did not mention interest. Interest is not allowed on personal injury claims in this state prior to the date of the judgment. T. & N. O. Ry. Co. v. Carr, 91 Tex. 332, 43 S. W. 18. Unless plaintiff prayed for interest, none can be included so as to affect the jurisdictional amount. P. & N. T. Ry. Co. et al. v. Rayzor (Sup.) 172 S. W. 1103.

We do not agree with appellant in its statement that the evidence is sufficient to prove negligence on the part of plaintiff's wife

which resulted in the injury to the child. If so, however, this negligence would not be imputed to the child. T. & P. Ry. v. Fletcher, 6 Tex. Civ. App. 736, 26 S. W. 446. The wife of appellee testified that when the child was lying on the chair asleep the brakeman came through the car hurriedly and jerked the chair back violently, catching the child's toe in the mechanism of the chair; that the back of the chair was shoved instantly; and that the brakeman hurried on.

The evidence is conflicting in material matters, but, there being sufficient evidence to support the verdict, the judgment is affirmed.