Cr. R. 117, 167 S. W. 366; Ford v. State [77 Tex. Cr. R. 252] 177 S. W. 1176."

The court in no way limited appellant's claimed self-defense.

[4, 5] Appellant contends the court erred in refusing a new trial on the ground of her claimed newly discovered evidence. It is unnecessary to go into any detail of this matter. The bill giving the evidence heard on this motion was filed long after the court adjourned for the term, and cannot be considered. Reyes v. State, 196 S. W. 533. But even if it could be, the claimed evidence of Fannie Calhound, Watson, and Williams was not and could not have been newly discovered in law. But if that as to the state's witness Fannie Calhound could be so considered wholly to impeach her, it was largely for that purpose. In allowing the bill the court qualified it as follows:

"The trial of the case lasted three days. Mr. Hall was the first witness used by the state, and Fannie Calhound was used before the state rested, on the afternoon of the first day. Mr. J. A. Stanford, law partner of W. H. Forrester and one of the attorneys of record for the defendant, was the first witness to bring in question the possibility of seeing a person on Georgia Williams' gallery from where the witness Hall stood. J. W. Watson and H. D. Williams could have inspected the ground after Hall testified just as Stanford did, and testified before the conclusion of the trial. The newly discovered evidence as to Fannie Calhound's residence came from parties living in the immediate neighborhood, who were readily accessible at the time of the trial. The killing occurred nearly two years ago, and it is probable they are mistaken. Besides, their testimony is of an impeaching character. Moreover, the witness Hall testified he was standing somewhere about the sidewalk, and not on the sidewalk, as defendant claims in this bill."

No error is shown by this bill.

The judgment is affirmed.

---

## MAGNOLIA COTTON OIL CO. v. MARTIN.
### (No. 5966.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1918.)

COURTS ⬤⟲170 — JURISDICTION — AMOUNT INVOLVED—CONSTRUCTION OF PETITION.

     Where petition is doubtful as to when interest sought is to begin, it will be construed to begin when the judgment was rendered, where, if it began before such time, the court would not have had jurisdiction.

Appeal from Goliad County Court; H. J. Passmore, Judge.

Suit by B. W. Martin against the Magnolia Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hunt & Teagle, of Houston, and Patton & Ewell, of Goliad, for appellant. G. E. Pope, of Goliad, for appellee.

FLY, C. J. This is a suit filed by appellee against appellant to recover the value of a carload of cotton seed sold by appellee to appellant which were delivered in Houston, but which appellant refused to receive, and which were of the agreed value of $868; that appellee was forced to sell the same, realizing the sum of $3.62 in excess of the amount of the freight bills; and that appellee was also compelled to pay the sum of $6.25 for telegraph and telephone charges, and was compelled to pay a fee of $100 to an attorney. He sought to recover the sum of $974.25, less a credit of $3.62. In an amended petition the Galveston, Harrisburg & San Antonio Railway Company and the San Antonio & Aransas Pass Railway Company were made defendants. The railway companies were afterwards dismissed from the suit by appellee, and upon a trial by jury judgment was rendered in favor of appellee for $868, with 6 per cent. interest per annum from September 6, 1916.

In the original petition appellee sought to recover of appellant the sum of $868, value of seed, $6.25 telephone and telegraph charges, less $3.62, and $100 attorney's fee, which amounted in the aggregate to $974.63. In the amended petition he prayed for judgment against appellant for $868.58, with interest and attorney's fees. He sought to obtain a judgment also against the railway companies for $284.95 and attorney's fees. Undoubtedly the county court had jurisdiction over the amount sued for in the original petition, but it is contended by appellant that in the amended petition there was a claim against appellant for a sum in excess of the jurisdiction of the court. The items of $868 for the seed, $6.25 for telephone charges, $147 freight charges, $27.65 overcharge on freight, and $100 attorney's fees are alleged to have been claimed from appellant. This assertion is not supported by the record. The items of $27.65 and $147 were not set up against appellant. The only mention of the $147 is in accounting for the expenditure of the $152.67 for which the cotton was sold. That account also showed that the telephone charges were all paid but 58 cents. Appellee asked for judgment against appellant for the value of seed, telephone charges, and possibly, though it is not clear, $100 for attorney's fees. We are of opinion that the court had jurisdiction of the cause. The petition is doubtful as to when the interest sought should begin, and it will be construed to begin when the judgment was rendered. In all doubtful cases the pleadings will be construed to give jurisdiction. Dwyer v. Bassett, 63 Tex. 274; Railway v. Fromme, 98 Tex. 459, 84 S. W. 1054; Railway v. Rayzor, 106 Tex. 544, 172 S. W. 1103.

It was a controverted point as to whether the seed were such as appellant desired, and the jury decided in favor of appellee. That decision must stand.

The judgment is affirmed.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes