TEXAS EMPLOYERS INSURANCE ASSOCIATION v. A. J. EVANS.

No. 4859. Decided October 12, 1927.
(298 S. W., 516).

114

*Goggans & Allison,* for plaintiff in error.

The original petition filed in this cause in the County Court of Palo Pinto County, Texas, did not state a cause of action within the jurisdiction of the County Court of Palo Pinto County, Texas, since it alleged that the injury out of which the cause of action arose occurred in Stephens County, Texas. Oil Men's Reciprocal Association v. Franklin, 286 S. W., 195.

The County Court of Palo Pinto County, Texas, did not acquire jurisdiction of this cause by the filing of the amended original petition alleging that the injury occurred in Palo Pinto County, Texas, for the reason that such amended original petition was filed after the expiration of the twenty days within which the statute requires suit to be instituted and prosecuted to set aside an award of the Industrial Accident Board. Art. 8307, Sec. 5, Rev. Civ. Stats., of 1925; Oil Men's Reciprocal Association v. Franklin, 286 S. W., 195; Washington v. Travelers Insurance Co., 290 S. W., 738.

The filing of the amended original petition does not relate back to the date of the filing of the original petition where the original

petition affirmatively shows upon its face that the court in which it is filed does not have jurisdiction of the cause of action set out in such petition. Pecos & N. T. Ry. Co. v. Rayzor, 172 S. W., 1103, by the Supreme Court, opinion by Judge Phillips; Ball v. Hagy, 54 S. W., 915.

*W. P. Smith,* for defendant in error.

Counsel for the defendant in error takes the position that the amendment filed by him in the lower court was not the filing of a new suit, but a continuation of a suit already filed, over which the court, under the requirements of the statute, had jurisdiction, said suit already having been filed in the county in which the injury occurred. Evans v. Mills, 116 Texas, 173; Ward v. Lathrop, 11 Texas, 145.

In this connection we beg to call to the court's attention that the plaintiff in his original petition does not allege that the injuries to Fitzgerald occurred in Stephens County, but merely failed to allege that it did occur in Palo Pinto County. The only allegation which might be susceptible of the construction that the injury occurred in Stephens County, is the following: "That plaintiff was called from Mineral Wells to go to the place of the injury near Caddo, in Stephens County, to treat said injured employe." Meaning that Caddo is in Stephens County, and that the place of injury was near Caddo, but same was not intended as an allegation that the injury occurred in Stephens County, and was inadvertently made. We submit that the defect in the petition was merely a failure, through oversight, to allege the county in which the injury occurred. The statute itself does not require that the plaintiff's petition shall allege that the injury occurred in the county where the suit is brought, but that the suit must be brought in the county where the injury occurred, not where it is alleged to have occurred, but where it actually occurred. Now, the suit having been brought in the county where the injury actually occurred, and within the time required by law, did not the court acquire jurisdiction to try the case? It may be and probably is a fact that if a demurrer had been presented setting out the failure of the petition to allege the place of injury in the court·where the suit was pending the same would have been sustained. But as no such demurrer or exception was filed, and as the defect in the petition was cured by amendment, which the Supreme Court says was not the filing of a new suit, and no exception taken to such amendment, it seems that there could be no question as to the

jurisdiction of the County Court of Palo Pinto County, to try the cause and render judgment as if the allegation had been contained in the original petition.

MR. JUDGE SHORT delivered the opinion of the Commisison of Appeals, Section B.

This case has reached the Supreme Court through the medium of a certificate from the Eleventh Supreme Judicial District, of which the following is a copy:

"The above styled and numbered cause is pending in this court upon a writ of error sued out by the Texas Employers Insurance Association against A. J. Evans, defendant in error, from a judgment rendered in the County Court of Palo Pinto County in favor of defendant in error and against plaintiff in error for the sum of $432.00. The cause of action asserted by defendant in error was for the value of services alleged to have been rendered by him to E. T. Fitzgerald in treating injuries suffered by said Fitzgerald in the performance of his duties as an oil field pumper for an employer, a subscriber to and a member of said association. Defendant in error's account was duly presented to the Industrial Accident Board and allowed for the sum of $191.00, but disapproved for the remainder. The defendant in error gave due notice of his refusal to abide by the decision of the Board and within the time prescribed by law filed his petition in the County Court aforesaid. His original petition alleged that Fitzgerald's injury occurred 'near Caddo, in Stephens County.' Subsequently an amended petition was filed by defendant in error under leave of the court, setting up the same cause of action as in his original petition, and suing for the same amount, but alleging that the injury to Fitzgerald occurred in Palo Pinto County, Texas, and the judgment appealed from was rendered by the court on this amended petition.

"It is contended by the plaintiff in error that by the filing of the amended petition the defendant in error for the first time asserted a cause of action cognizable by the County Court of Palo Pinto County, and that this was the beginning of his suit upon which he obtained judgment, and that as the amended petition was filed after the time had elapsed that the County Court of Palo Pinto County acquired no jurisdiction to entertain defendant in error's suit.

"Plaintiff in error relies upon the rule as declared in Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084; Washington v. Travelers Insurance Company, 290 S. W., 738, and Oil Men's Reciprocal

Association v. Franklin, 116 Texas, 59, 286 S. W., 195, all holding that the filing of a suit to set aside the ruling of the Industrial Accident Board must be done within the time prescribed by statute, and in the county where the injury occurred, and that each requirement of the statute is jurisdictional. And further, that under such decisions as Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103, and Ball v. Hagy, 54 S. W., 915, that defendant in error's original petition on its face showed that the County Court of Palo Pinto County did not have jurisdiction and that, therefore, defendant in error's suit to set aside the award of the Industrial Accident Board and recover the amount of the claim sued on was, in fact, first asserted in his amended petition filed on December 16, 1925, long after the expiration of the time prescribed by statute for the filing of such suit.

"For the purpose of this certificate it will be assumed as a fact that the injury occurred in Palo Pinto County, Texas, and that no court other than the County Court of Palo Pinto County had jurisdiction of the instant case, and that the allegations first made that the injury occurred in Stephens County, Texas, were incorrect. In view of the holding of the Supreme Court in Mingus v. Wadley, supra, to the effect that suits of the character as the one under consideration are analogous to appeals from trial courts to Courts of Civil Appeals, as held in Millers' Indemnity Underwriters v. Hayes, 240 S. W., 904, and the dissenting opinion in U. S. Fidelity & Guaranty Co. v. Lowry, 219 S. W., 227, and the decisions in Western Union Telegraph Co. v. Smith, 88 Texas, 9, 28 S. W., 931, and Holmes v. City of Henrietta, 91 Texas, 318, 42 S. W., 1052, both the latter decisions holding an application for writ of error amendable to show jurisdiction, we are in doubt as to whether the defendant in error's petition could be amended after the time for filing the suit had elapsed so as to show jurisdiction in the County Court of Palo Pinto County.

"We, therefore, deem it advisable to certify to Your Honors for decision the following questions:

"QUESTION No. 1: The original petition to set aside an order of the Industrial Accident Board being filed in due time in the County Court of Palo Pinto County where the injury in fact occurred, but alleging the locus of the accident as being in Stephens County; does an amended petition filed after the time for bringing such suit has expired, but amended only so as to show the happening of the injury in Palo Pinto County, relate back to the original peti-

tion so as to confer jurisdiction on the County Court of Palo Pinto County to render judgment on the amended petition?

"QUESTION No. 2: Under the facts as stated in this certificate did the County Court of Palo Pinto County have jurisdiction to render judgment for defendant in error on his amended petition filed in this cause?"

We have reached the conclusion that both of the questions should be answered in the affirmative.

The well considered opinion of the Supreme Court of the State, speaking through Chief Justice Cureton, in Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084, when properly construed, is decisive of both questions. The validity of a suit under the Workmen's Compensation Act must be measured and determined by the provisions of that Act. Whatever aid be derived from what the courts have said as to the proper procedure in other suits is purely persuasive, since all the rights to be enforced and all the remedies provided therefor by that Act are purely statutory and in derogation of the common law. In Mingus v. Wadley, supra, the questions propounded in the certificate are discussed, and the following language in Hood v. Texas Employers Insurance Association, 260 S. W., 243, as expressed by Associate Justice Vaughan, is quoted with approval:

"The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings which should have been properly alleged and supported by the requisite evidence: (a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board; (b) that final award was made thereon by said Board; (c) the giving of notice of the intention not to abide by the award within twenty days from date of same, and the filing of proper suit within twenty days from the date of service of such notice—all being jurisdictional facts and essential to concur before jurisdiction would attach."

After stating that the purpose of the legislature in enacting the Workmen's Compensation Act was to provide means to enforce certain rights and to provide certain remedies as defined by that Act, and stating the general rule that under such conditions its provisions are mandatory and exclusive, it is said in Mingus v. Wadley, supra:

"Having in mind the general rule that workmen's compensation acts are to be liberally construed to effectuate their beneficial purpose,

there can be no doubt that, when the legislature specified the county in which a suit to vacate an award should be filed as the county where the accident occurred, the specification was exclusive and intended to be jurisdictional."

It has been seen from the statement in the certificate that the accident occurred in Palo Pinto County and that the suit was brought in that county.   It further appears from the certificate that a proper application for compensation on account of the services rendered to the injured party was made by the defendant in error to the Industrial Accident Board within due time; that final award was made thereon by said Board; that the notice of the intention not to abide by the award was given within twenty days from the date of same; and that the proper suit was filed in the proper court within twenty days from the date of the service of such notice.   In other words, all the jurisdictional facts appear to be in existence, according to the certificate before us, necessary to enable the County Court of Palo Pinto County to take jurisdiction of the suit.   We call attention especially to this language of the certificate:

"For the purpose of this certificate it will be assumed as a fact that the injury occurred in Palo Pinto County, Texas, and that no court other than the County Court of Palo Pinto County had jurisdiction of the instant case, and that *the allegations first made that the injury occurred in Stephens County, Texas, were incorrect."* (Italics ours.)

It further appears from the certificate that the defendant in error in his original petition in alleging the place where the injury occurred to the injured party, in whose behalf the services were rendered as a physician, used the following language:   "Near Caddo in Stephens County."   So it appears from the certificate that the only apparent failure to comply literally with the provisions of the statute was the failure to allege affirmatively that the injury occurred in Palo Pinto County.   The language quoted from the original petition does not necessarily mean that the injury occurred in Stephens County, though it is susceptible of that construction.   The language quoted is as readily subject to the construction, in view of the provisions of the statute on the subject, in connection with the fact that the suit was brought in Palo Pinto County, that the injury occurred in that county as it is to the construction that the allegation meant that the injury occurred in Stephens County.   All that the allegation quoted says is, that it occurred near Caddo and that Caddo near which the

injury occurred is located in Stephens County. The allegation does not mean necessarily that the injury occurred in Stephens County. Had no objection been raised by demurrer to the sufficiency of the pleading in this respect, and the proof had been that the injury did occur near Caddo in Stephens County, but that in fact the place where it occurred was in Palo Pinto County, and a judgment had been rendered for the defendant in error under proceedings otherwise correct, 'no objection would have been valid to the judgment based upon the proposition that the County Court of Palo Pinto County did not have any jurisdiction of the suit. It is true that the court would have been required in response to a special exception that the petition did not affirmatively allege the injury occurred in Palo Pinto County to have sustained it.

In Pecos & Northern Texas Ry. Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103, in an opinion by the Supreme Court, written by Associate Justice Phillips, discussing a similar situation, this language is used:

"Where the essential jurisdictional facts are alleged, before a litigant is, upon this ground, deprived of the right to be heard in the court of his selection, it is but a reasonable requirement that, in an allegation of his petition relied upon by his adversary to defeat the very jurisdiction he is invoking, it shall appear, not doubtfully, but plainly, that the jurisdiction of the court is negatived. In any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction."

In Mingus v. Wadley, supra, it is further said:

"In fact, the statute itself declares that the rights of the parties are to be determined 'by the provisions of this law.' Besides, in special proceedings not within the common law jurisdiction, the court's statutory designation of the *venue* is mandatory and jurisdictional."

We have italicized the word "venue" ourselves to emphasize the idea that the venue of suits under this Act is governed by the provisions thereof. Venue is more or less jurisdictional, but not always mandatory. Under the general statutes on that subject, while the defendant is entitled to be sued in the county of his residence, yet he may waive that privilege in the event the court has jurisdiction of the subject matter. H. H. Watson Co. v. Cobb Grain Co., 292 S. W., 174. The jurisdiction of the trial court to hear and determine a suit such as was brought in this case merely means that the par-

ticular court in which the suit was filed had the right to litigate the controversy between the parties as that controversy was alleged in the petition.

The word "suit" is defined by Chief Justice Marshall of the Supreme Court of the United States, in Weston v. City Council of Charleston, 2 Peters, 449, 7 Law Ed., 481, to be a comprehensive term and to apply to any proceeding in a court of justice by which an individual pursues that remedy which the law affords him. This, the defendant in error did in this instance. He filed his suit in the proper forum. He alleged affirmatively all the jurisdictional facts necessary to show that that particular court was the proper forum in which to file the suit. He failed to allege affirmatively another jurisdictional fact, but in so failing he did not negative the fact that the court in which the suit was filed was the proper forum. Had he filed a suit in the County Court of Stephens County and alleged that the injury occurred near Caddo in Stephens County, his petition would have been subject to special exception, based on the ground that the petition did not affirmatively allege that the injury had occurred in Stephens County. Moreover, had no special exception been so alleged, and the suit had progressed to the point where the testimony had shown that the injury did not occur in Stephens County, but while it occurred near Caddo in Stephens County, yet the place where it occurred was in Palo Pinto County, his suit of necessity would have failed, not because of any defect in his pleading necessarily, but because of the provisions of the law which required that the forum for the suit should be within the county where the injury occurred. In other words, the provisions of the law on this subject relate to facts which must be alleged and proven to have been in existence at the time the suit was brought. Among these facts are, that the Industrial Accident Board had been given an opportunity to pass upon the right of the applicant to receive compensation and the amount of that compensation; that the Industrial Accident Board had finally passed upon that application; that the applicant had refused to abide by the decision of the Industrial Accident Board and had given notice of his intention not to do so within twenty days from the date of the same; and finally that within the next twenty days he had filed a suit in the proper forum based upon the same transaction and asserting the same rights against the same parties which he had presented to the Industrial Accident Board. These are the real facts which must be embraced in his petition, and this peti-

tion so containing these real facts must be filed in the court having jurisdiction of the subject matter under the provisions of the Compensation Act. All of these things appear from the statements in the certificate to have been done by the defendant in error.

The Act itself, Rev. Stats., Art. 8307, Sec. 5, provides that the suit to set aside the final award of the Industrial Accident Board shall be brought in the county where the injury occurred. There is no contention made by the plaintiff in error that this provision of the statute was not followed. The suit to set aside the final award of the Board was brought in the county where the injury occurred.

Again, in Mingus v. Wadley, supra, in construing the succeeding paragraph of said Compensation Act, now Art. 8307, Sec. 5a, which has reference to a situation where the insurance association shall fail and refuse to comply with the decision of the Industrial Accident Board, it is said:

"Suits to set aside awards are analogous to appeals from trial courts to Courts of Civil Appeals. When such a suit is brought to set aside the award, the vitality and finality of the award is, therefore, suspended and its subject matter withdrawn from the Board and all of the courts, except the one in which the suit is filed, and which has complete and exclusive jurisdiction to go to judgment and execute its decisions." Holmes v. City of Henrietta, 91 Texas, 318, 42 S. W., 1052; Millers Indemnity Underwriters v. Hayes, 240 S. W., 904.

The amount in controversy is the chief controlling factor in determining the jurisdiction of the courts created by the Constitution, except the District Court, whose jurisdiction is much broader than that of the other courts, including the County Court.

In the case of Pecos & Northern Texas Ry. Co. v. Rayzor, supra, upon the opinion rendered therein the plaintiff in error chiefly relies, the question of the jurisdiction of the County Court arose from an allegation in the petition which might have been construed to have affirmatively shown that the County Court did not have jurisdiction of the amount claimed. If the plaintiff did affirmatively allege in his petition that he claimed an amount beyond the jurisdiction of the County Court, then in that event no question could arise that the court was without jurisdiction of the cause of action declared upon in the original petition, and therefore the filing of the petition was not the commencement and prosecution of a suit and did not operate as an interruption of limitation. Ball v. Hagy, 54 S. W.,

915. It was under such circumstances that Judge Phillips used this language:

"Nothing is better settled than that, in a suit which the court is inherently without the power to hear and determine, any judgment rendered and all proceedings had in its relation are mere nullities. Under this fundamental rule, with the court destitute of all authority to give to the suit any cognizance, it is difficult to conceive that the filing of the petition could have any legal effect. To constitute the proceedings 'a suit' or 'action,' in any legal sense, it is essential that it rest *in a court, with the power to hear it. Without such a forum it is not 'a suit,' since it lacks that which is as necessary to make it a suit as the petition itself.* That which the law denominates as a wholly vain proceeding can hardly be characterized 'a suit' or 'action.' If it will support nothing, and can affect nothing, how can it count for anything?" (Italics ours.)

Here the court has the power to hear and determine the subject matter of the controversy. The County Court of Palo Pinto County was the only forum in which the suit could have been commenced and prosecuted. As is said by Judge Phillips in the above case: "In any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction."

Plaintiff in error contends that the suit should have been transferred to the County Court of Stephens County. This contention is made in the face of the fact that under all the testimony the County Court of Stephens County would have no jurisdiction of the suit. Had this contention been sustained and had the suit been so transferred, that court upon proof of the facts stated in the certificate, would have been compelled to dismiss it, even though neither party made any request therefor. The effect of such a proceeding would be to deny to defendant in error any forum in which his case could be legally heard, within the period of limitation prescribed by the Workmen's Compensation Act. Obviously, this would have necessarily resulted. Courts will be slow to permit themselves to be made the means whereby the citizen is deprived of a forum in which to present his complaint against another. Their office is to administer, not to defeat, the purpose of the law, which is to secure a forum to everyone, where rights may be determined and enforced. The office of a rule of procedure is to facilitate, rather than hinder, a speedy and final determination of all law suits in that way which will secure to litigants their substantial rights and to promote the peace and good order of the State.

We have examined all the cases which bear upon this subject, and especially those mentioned in the certificate, and we find nothing in any of them which contravenes the conclusion which we have reached, which is that both of the questions should be answered in the affirmative, and we so recommend.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.