## MARYLAND CASUALTY CO. v. HIPP et al. (No. 3320.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 20, 1929.

Cantey, Hanger & McMahon and F. T. Denny, all of Fort Worth, for appellant.

Robert Carswell, of Wichita Falls, for appellees.

HALL, C. J. This is a workmen's compensation case. The appeal is from an order entered in the county court of Wilbarger county, sustaining what is denominated appellees' "plea in abatement" to the jurisdiction of that court over the subject matter of the suit.

The claimant Hipp, while lifting a piece of iron pipe weighing about 750 pounds, was injured, as alleged, by his foot slipping and causing a severe strain and injury to his back. He filed his claim before the Industrial Accident Board and was awarded a recovery in the sum of $328.54. The appellant, against whom the award was made, appealed and

filed this suit in the county court to set the award aside.

The petition admits that the claimant was injured in the course of his employment; that his employer carried workmen's compensation insurance; that due notice of the claim for compensation was given to the employer and the accident board; that the board, after due notice to all parties, made its final ruling and award; that within the proper time after the entry of the award the appellant gave notice that it did not consent to and would not abide by the award and would file its appeal therefrom in a court of competent jurisdiction. It was further alleged that the award of the board provided for the payment of compensation to the claimant Hipp at the rate of $15.23 per week for the definite and fixed period of 21⅘ weeks, all of which was declared to be due and payable without discount in the total sum of $328.54, less a credit of the sum total of all previous payments of compensation and less attorney's fees as provided in said award.

The appellees, Hipp et al., filed no answer or cross-action in the county court. The only pleadings filed is what is termed defendants' plea in abatement which, omitting the formal allegations, states that the suit should abate because the county court has no jurisdiction to hear the cause for the reason that the amount in controversy is over $1,000. It is further alleged: That while the Industrial Accident Board entered an award, in the sum of $328.54, the defendants' claim before the board was not for said sum, but was for a sum far in excess of this amount. That at the time the claim was filed before the board, the casualty company denied liability and asserted that it did not owe defendants any amount. That the defendants filed evidence before the board that at the time Hipp was totally disabled and would remain so for an indefinite and undetermined period. Defendants did not assert or claim any specific amount because Hipp's injuries, at the time of the hearing before the board, were indefinite and uncertain as to their duration. That under the medical evidence submitted to the board, his injuries totally disabled him at the time, and it was impossible to determine how long he would be disabled. That the average weekly wages of the defendant Hipp was the sum of $25.38, and that on said weekly wages he was entitled to recover the sum of $15.23 per week.

It is then alleged as follows: "Defendants would further show this Court that there are no facts set forth in plaintiff's petition showing that this court has jurisdiction to hear this cause and that defendants could recover a sum in excess of the jurisdiction of this Court. Inasmuch as it is possible for the defendants to recover compensation for a period of 400 weeks at the rate of $15.23 per week, which amount would be in excess of the jurisdictional amount of this Honorable Court, this suit should abate."

This pleading is not sworn to and does not allege a fraudulent attempt on the part of the appellant to confer jurisdiction upon the county court.

■ "A plea in abatement should, as the rule is expressed at common law 'give the plaintiff a better writ', that is, it should not only show that the writ is improperly brought, but also how it should have been brought. In accordance with a rule applicable to all pleadings, the plea should state facts and not conclusions of law. Thus, where the defendant proposes to introduce evidence to defeat the jurisdiction of the Court, it is essential and proper that he should advise the plaintiff of the issue by pleading the facts so as to enable the plaintiff to come prepared to meet the objections." 1 Texas Jurisprudence, 149, § 108, and authorities cited.

■■ Tested by these rules, the pleading filed by the appellees is insufficient as a plea in abatement, and when properly analyzed is nothing more than a speaking demurrer, general in its nature.

In the case of Travelers' Insurance Company v. Peters et al. (Tex. Com. App.) 14 S. W.(2d) 1007, Leddy, Justice, said that, in a suit by the insurance carrier to set aside an award of the Industrial Accident Board, it is necessary that the petition should describe the award in order that the trial court may determine whether it has jurisdiction of the subject-matter under the claim as made before such board. And, on motion for rehearing in the same case (Com. App.) 17 S.W.(2d) 457, it is said that such a petition which shows the average weekly wage, and alleges that claim was made before the board in accordance with the law, the sufficient against a general demurrer to show that the amount claimed before the board was within the jurisdiction of the court.

The appellees rely on Texas Employers' Insurance Ass'n v. Nunamaker (Tex. Civ. App.) 278 S. W. 889, and Georgia Casualty Co. v. Griesenbeck (Tex. Civ. App.) 210 S. W. 273, and similar cases to sustain the court's ruling, but these cases are not applicable here. One was a suit for compensation for specific injuries which were permanent and the other for injuries resulting in death, and the compensation for which, in each case, was definitely fixed by the statute in an amount more than the jurisdiction of the court. The defendants did not allege in their plea in abatement that Hipp's injuries were either permanent or total, and there is nothing in the record before us from which we can determine that the defendants could ever recover more than the amount claimed per week for 21⅘ weeks. They have filed no cross-action claiming any amount of compensation, and the agreed statement before us does not show that they ever intended to

make any such claims, or that a claim for permanent or total incapacity would probably be sustained by any proof. According to the amount of the award, the only proof offered was that of a temporary, partial disability, showing a total incapacity for the limited period of 21.7 weeks, and, according. to these facts, this action is clearly within the jurisdiction of the county court. The rule is that, after indulging all intendments in favor of the pleading, unless it then plainly appears from the allegations that the court is without jurisdiction of the amount, it should retain jurisdiction. Dwyer v. Bassett & Bassett, 63 Tex. 274. This is the rule applied by the Supreme Court and by this court in cases appealed from county courts. Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Merchants' Reciprocal Underwriters v. First National Bank (Tex. Civ. App.) 192 S. W. 1098.

If the appellant had filed this suit in the district court, then, under the ruling in the Peters Case, the general demurrer to the petition should have been sustained, since the allegations of the petition show that the award was $328.54, an amount below the jurisdiction of that court. In Texas Employers' Ins. Ass'n v. Evans, 117 Tex. 113, 298 S. W. 516, 519, Short, Justice, in discussing the contention that a workman's compensation suit had been filed in the wrong county and should have been transferred to a different county, said: "This contention is made in the face of the fact that under all the testimony the county court of Stephens county would have no jurisdiction of the suit. Had this contention been sustained, and had the suit been so transferred, that court, upon proof of the facts stated in the certificate, would have been compelled to dismiss it, even though neither party made any request therefor. The effect of such a proceeding would be to deny to defendant in error any forum in which his case could be legally heard, within the period of limitation prescribed by the Workmen's Compensation Act. Obviously this would have necessarily resulted. Courts will be slow to permit themselves to be made the means whereby the citizen is deprived of a forum in which to present his complaint against another. Their office is to administer, not to defeat, the purpose of the law, which is to secure a forum to every one, where rights may be determined and enforced. The office of a rule of procedure is to facilitate, rather than hinder, a speedy and final determination of all lawsuits in that way which will secure to litigants their substantial rights and to promote the peace and good order of the state."

In the instant case the defendants filed a claim with the board in which no specific amount of compensation is stated. Upon a hearing, they are awarded an amount which, according to the record before us, is clearly within the jurisdiction of the county court. They have not appealed from that award, and the only reasonable inference from their failure to do so is that they think the amount awarded them was sufficient. Upon the appeal of the casualty company by this action to set the award aside, filed in the county court, they appeared and asked that the action be abated because the county court has no jurisdiction, and yet they have never filed an answer and cross-action for any amount whatever. To sustain the action of the county court might result in the dismissal by the district court of the casualty company's appeal, because it was filed too late. The defendants have not committed themselves in this case to any amount of damages. There is nothing to prevent them from going into the district court and there answering and setting up a claim for damages in a sum below that court's jurisdiction.

For the reasons stated by Judge Short, we cannot approve any such procedure, and we think the trial court erred in sustaining the speaking demurrer.

■ We think the objections to the testimony of the witness Carswell should have been sustained, as the evidence was clearly hearsay, but the trial was before the court, who filed no findings of fact, and we cannot presume that this improper testimony was considered.

The judgment is therefore reversed, and the cause is remanded.