## MARYLAND CASUALTY CO. v. OVERSTREET.*

### No. 7631.

Court of Civil Appeals of Texas. Austin.
July 22, 1931.

Rehearing Denied Sept. 23, 1931.

R. L. House and R. H. Mercer, both of San Antonio, for appellant.

Shelton & Shelton, of Austin, for appellee.

BAUGH, J.

Fred Overstreet, while employed by J. E. Morgan as plasterer in the construction of a building at the University of Texas, received injuries to his arm and shoulder in March, 1930. The Industrial Accident Board awarded him $365.62 compensation against appellant, with which company Morgan carried a policy under the Workmen's Compensation Act. Appellant filed this suit in the county court of Travis county to set aside said award. Appellee filed a cross-action and after a trial to a jury upon special issues judgment was awarded appellee for $400, from which the casualty company has appealed. Other pertinent facts will be given in connection with the issues raised.

The first contention made by appellant is that the cross-action asserted a cause of action beyond the jurisdiction of the county court. Claimant alleged in paragraph 4 of his cross-action: "That defendant's wage prior to said injury was $75.00 per week, which said wage he was able to earn continuously as a plasterer, and that since the time of said injury, to-wit, March 21st, 1930, defendant has been totally disabled for sixteen weeks, and is permanently partially disabled, to such an extent that he cannot earn more than $25.00 per week at this time, and will in all probability not be able to earn more than $25.00 per week for the remainder of his life."

This allegation taken alone, under section 11 of article 8306, R. S. 1925, would authorize, if proven, a maximum recovery of $20 per week for 16 weeks of total incapacity, and $20 per week for 300 weeks for permanent partial incapacity, a total far beyond the ju-

risdiction of the county court. Such maximum, in the absence of other affirmative allegations, expressly limiting the amount of claimant's demand against the insurance company, would be beyond the jurisdiction of the county court. Texas Emp. Ins. Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749; Georgia Casualty Co. v. Griesenbeck (Tex. Civ. App.) 210 S. W. 273; American Emp. Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845, 847.

In the instant case, however, appellee did not seek to recover the maximum amount authorized under the statute. Nowhere does he ask for compensation for 300 weeks, nor for any other specified time, other than for the 16 weeks of total incapacity. In the body of his pleading he claimed damages for total incapacity in the sum of $380, and for partial incapacity in the specific sum of $600. Paragraph 12 of his pleadings reads: "12. That by reason of the premises, there is now due and owing to the defendants, the total sum of Nine Hundred Eighty Dollars ($980.00) which sum defendants have demanded from plaintiff, but plaintiff has failed and refused and still fails and refuses to pay the same, to defendants' damage in the said sum, for which sum the defendants sue."

This paragraph of his pleadings was obviously meant to affirmatively limit his demand against appellant, regardless of the total amount recoverable under paragraph 4, above set out, to a maximum of $980 in full satisfaction of such claim. The prayer was for a like amount. This intention is further borne out by the fact that appellant alleged in its suit to set aside the award of the board, and the statement of facts shows, that the total amount of appellee's claim as filed originally before the Industrial Accident Board was for less than $950.

Appellant insists that the allegations in the body of a petition, and not the prayer for relief, determines the amount in controversy. This is generally true, especially where the aggregate amount of the items making up the cause of action asserted exceeds the jurisdiction of the court. Gulf, C. & S. F. Ry. Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166; Taylor v. Buzan (Tex. Civ. App.) 241 S. W. 1084; Simms Oil Co. v. Hall (Tex. Civ. App.) 281 S. W. 286. But where the demand is unliquidated, and the claimant, though making general allegations, in the body of his petition, and not merely in the prayer, expressly, intentionally, and affirmatively limits the amount of his demand to a lesser sum than the maximum he could recover, and seeks judgment only for a specific amount within the jurisdiction of the court, we think the rule announced in the above cases does not apply. Especially is this true in the instant case, where it conclusively appears that the original claim on which the Industrial Accident Board made its award, and on which appellee

must recover if at all, was within the jurisdiction of the county court. This fact in itself, appellee not having appealed from said award, negatives any effort on appellee's part to fraudulently retain jurisdiction of his cause of action in the county court.

And even if it could not be said that jurisdiction of the county court affirmatively appears (and we think it does under the circumstances of this case), there are cogent reasons for applying the rule that "after indulging all intendments in favor of the pleading, unless it then plainly appears from the allegations that the court is without jurisdiction of the amount, it should retain jurisdiction." Maryland Casualty Co. v. Hipp (Tex. Civ. App.) 22 S.W.(2d) 147, 149, a compensation case in the county court in which the same issue here presented was raised. See, also, Dwyer v. Bassett, 63 Tex. 274; Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Merchants' Reciprocal Underwriters v. First Nat. Bank (Tex. Civ. App.) 192 S. W. 1098.

Appellant next contends that neither the pleadings nor the proof were sufficient to authorize the submission to the jury of the issue as to Overstreet's weekly wage, nor to support the jury finding thereon. The pleadings were that he was a plasterer by trade and that in that employment he had continuously been able to earn a weekly wage of $75. The proof showed that at the time he was injured he was making $71.50 per week, and had been making those wages regularly in that employment for four or five years prior thereto. This was sufficient to meet the requirements of section 1 of article 8309, R. S., in arriving at the amount of his compensation. It was not necessary for appellee to plead the method of computing his damages—a matter determined by the statute itself. Davies v. Texas Emp. Ins. Ass'n (Tex. Com. App.) 16 S.W.(2d) 524.

Appellant next contends that appellee failed to allege in his cross-action that he had presented his claim to the Industrial Accident Board within six months after his injury. Appellee alleged that he "made his claim for compensation within a few days after said injury and made several attempts to have said claim sent before the Board by his employers before the foreman would do the same." Special exception was made to this allegation on the ground that it failed to allege when and the kind of notice given the board.

Compliance with the provisions of the statute so as to mature a claim for compensation is both mandatory and jurisdictional. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1085, and numerous cases following same.

It now appears, however, that in a suit by the insurer to set aside an award of the

Industrial Accident Board, where, as in this case, a copy of the award is made a part of the record, the statutes relating to notice to the employer and filing such claim before the board are statutes of limitation only, to be pleaded by the insurer as matters of defense. Davies v. Texas Employers Ins. Ass'n, supra; Texas Employers' Ins. Ass'n v. Lovett (Tex. Civ. App.) 19 S.W.(2d) 397 (writ ref.); American Employers' Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845, 848 (writ ref.). In the latter case the Eastland Court of Civil Appeals held that "the award of the Industrial Accident Board is, for jurisdictional purposes only, evidence of the recitations therein. * * *" No attack was made by appellant upon said award in this respect. On the other hand, the only attack made by appellant on said award was that appellee's injury was not received in the course of his employment, but that it was due to rheumatism, an independent cause.

The next issue raised by appellant is that of variance between appellee's pleadings and his proof. He alleged that he was employed by J. E. Morgan Company; and that the compensation insurance was carried by J. E. Morgan Company with appellant. However, appellant's suit to set aside said award and the award itself showed that the employer was J. E. Morgan and the insurance carried by J. E. Morgan. The undisputed evidence showed that there was no J. E. Morgan Company, but only J. E. Morgan who was the employer of appellee at the time of the injury, and that he carried compensation insurance with appellant. The jury so found. Under such circumstances we think the variance was not fatal. Appellant was not surprised nor misled thereby and could not have been injured. It was affirmatively pleaded by appellant that J. E. Morgan was the employer of appellee. The variance therefore became immaterial. Goodwin v. Abilene State Bank (Tex. Civ. App.) 294 S. W. 883; Federal Surety Co. v. Ragle (Tex. Civ. App.) 25 S.W. (2d) 898.

Appellant also complains that the trial court in his charge stated to the jury that this was a suit to set aside an award of the Industrial Accident Board. Appellant's pleadings themselves affirmatively showed and expressly disclosed that such was its purpose. A mere statement of the nature and character of the suit would not be erroneous in any event; but if it had been, it certainly could not have injured appellant.

Finding no error in the record of sufficient gravity to warrant a reversal, the judgment of the trial court is affirmed.

Affirmed.