## WILLIAMS v. KELLEY.

### No. 4307.

Court of Civil Appeals of Texas. Amarillo.
Nov. 26, 1934.

Chet W. Williams, of Phoenix, Ariz., and Carl Gilliland, of Hereford, for plaintiff in error.

Jno. A. Coffee, of Hereford, for defendant in error.

HALL, Chief Justice.

Kelley sued Williams, alleging, in his original petition, in substance that Williams had employed him to plow certain lands belonging to Williams and to rod weed it twice and sow said land to wheat in the fall of 1933, agreeing to pay $462 for the plowing, $308 for rod weeding, and $154 for sowing; that Williams breached his contract and refused to let him do the work, although he was ready, willing, and able and offered to do it; that the reasonable expenses incident to doing the work would have been $260; that by reason of Williams' breach of the contract, he has been damaged in the sum of $664.

Prior to the trial, Kelley filed his first amended original petition, seeking to recover for a breach of the same contract, alleging more specifically that Williams owned approximately 946 acres of land in Deaf Smith county; that he employed Kelley to go on the land in the spring of 1933 and break all of it that was in cultivation at that time, and to cultivate it in the spring, summer, and early fall of 1933 and sow the same to wheat; that Williams agreed to pay him 60 cents per acre for plowing, 20 cents per acre for each time Kelley went over the land with a cultivator or rod weeder, and 20 cents per acre for sowing the wheat; that Williams represented that it would be necessary to go over said land twice with the rod weeder and possibly three times prior to the time when he wanted the wheat sown. It is further alleged that Kelley agreed to furnish all tools, except the rod weeder, would furnish all gasoline, oil, and pay other incidental expenses, and that Williams would pay 60 cents per acre when the plowing was completed, 20 cents per acre after the land had been rod weeded each time, and 20 cents additional per acre after the wheat

was sown in the fall of 1933. It is alleged that there were approximately 770 acres to be so cultivated; that after said contract was made, Williams decided to sow approximately 600 acres of the 770 to wheat in the fall of 1932 and it was agreed that Kelley would sow it at that time; that should it be determined in the spring of 1933 that the wheat crop would fail, then and in that event Kelley should go ahead with the contract as originally made and break all of the 770 acres, work and cultivate same during the spring and summer of 1933. Kelley then charges that during the fall of 1932 he sowed said 600 acres to wheat; that in the month of February, 1933, the wheat crop so sown was a failure and had been completely destroyed and Kelley notified appellant of that fact and that he was ready to go ahead and break the 770 acres in the spring of 1933 whenever Williams wanted the land plowed; that Kelley was able and willing to carry out the terms of the agreement and comply with the terms thereof in all respects until about the middle of April, 1933, at which time Williams breached said contract and was unable to perform the obligations resting upon him; that during the month of April, 1933, Williams leased the land in question to other parties and informed Kelley of that fact; and that he would not go ahead with the contract with Kelley and demanded possession of the house and premises. He alleges his damages by reason of such breach to be $750. He further alleges that he tried to secure work of like kind and character from others in the locality and was unable to do so; that he had all the necessary tools and was able to furnish fuel and do the work at a reasonable cost and expense of $260. He prays for judgment for his damages, interest, and costs of suit.

The case was tried to a jury and based upon the answers to special issues, the court rendered judgment in favor of Kelley for the sum of $399.56, with interest from August 10, 1933, and for costs.

The plaintiff in error submits the case here upon eleven propositions.

R. S. art. 1757, as amended (Acts 42d Leg. 1931, p. 68, c. 45, § 1 [Vernon's Ann. Civ. St. art. 1757]), provides that briefs shall contain, amongst other requisites: "4. A statement and/or argument on the errors assigned." This means, of course, that each error assigned shall be followed by a statement from the record of everything shown therein pertinent to the alleged error, together with argument thereon if the appellant desires to submit argument.

■ The plaintiff in error's brief, after setting out the eleven propositions relating to different matters, follows his propositions with nine pages of statement and argument intermingled with meager references to the record. This is such a violation of the well-established rule of briefing that we do not feel called upon to select from the extended argument and statement the portions which relate to any particular assignment. The brief cannot therefore be considered. Tallabas v. Wing Chong (Tex. Civ. App.) 72 S.W. (2d) 636; Threadgill v. Fagan (Tex. Civ. App.) 64 S.W.(2d) 405; Holsomback v. Taylor (Tex. Civ. App.) 61 S.W.(2d) 544; Associated Indemnity Corporation v. Baker, 76 S.W.(2d) 153, by this court.

■ The principal contention and in fact the only one which we think, after reading the propositions, has any merit is that the court erred in not sustaining the general demurrer to the defendant in error's first amended original petition, because while the original petition stated a cause of action in an amount within the jurisdiction of the district court, the amendment reduces the claim by specific allegations to an aggregate amount less than $500. This proposition is without merit. It is held that if the original petition states a cause of action within the jurisdiction of the court, the jurisdiction is not defeated by an amended pleading which reduces the amount below its jurisdiction, in the absence of a charge that the allegations in the original petition were fraudulently made. Sellers v. Spiller (Tex. Civ. App.) 64 S.W.(2d) 1049. There is no charge of fraud in the instant case.

■■ The rule is that in doubtful cases, all intendments of the plaintiff's pleading will be construed in favor of the jurisdiction of the court. Under the allegations of the amended petition, upon sufficient proof, Kelley might have recovered $462 for breaking the land, $462 more for rod weeding it three times, and $154 for sowing it to wheat, aggregating $1,078, less the $260 estimated as expenses, would be $818. Resolving the doubt in favor of the jurisdiction, the court did not err in overruling the general demurrer. Magnolia Cotton Oil Co. v. Martin (Tex. Civ. App.) 201 S. W. 190; Pecos & N. T. R. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Texas Employers' Insurance Association v. Evans, 117 Tex. 113, 298 S. W. 516.

The judgment is affirmed.