### AMERICAN CANAL COMPANY OF TEXAS et al., Appellants,

### v.

### The DOW CHEMICAL COMPANY, Appellee.

### No. 14349.

Court of Civil Appeals of Texas.

Houston.

May 7, 1964.

First Rehearing June 18, 1964.

Second Rehearing Denied July 9, 1964.

Fulbright, Crooker, Freeman, Bates & Jaworski, Austin C. Wilson, Richard L. McGraw, Jay W. Elston, W. James Kronzer, Houston, Brown, Sparks & Erwin, W. S. Heatly, Paducah, Eastham, Meyer & Moore, A. J. Eastham, Houston, of counsel, for appellant American Canal Co.

Waggoner Carr, Atty. Gen., F. R. Booth, Asst. Atty. Gen., Burrel Rowe, Chief Legal Examiner, Texas Water Commission, Austin, of counsel, for appellant Texas Water Commission.

R. J. Fields, Freeport, Clark, Thomas, Harris, Denius & Winters, Martin Harris, James H. Keahey, Austin, for appellee The Dow Chemical Co.

W. David Evans, Angleton, John Goldsum, Austin, for Brazoria County.

J. E. Junker, Richmond, for Fort Bend County.

Robert C. Koonce, Edward R. Goff, Angleton, for Cities of Angleton and Clute.

Frank W. Stevens, Angleton, for City of Lake Jackson.

Hall W. Griggs, West Columbia, for City of West Columbia.

C. Wayne Holder, Freeport, for Cities of Freeport, Sweeny & Brazoria.

L. A. Van Slyke, Richmond, for City of Richmond.

O. H. Middlebrooks, Rosenberg, for the City of Rosenberg.

Price Daniel, Austin, of counsel, for above appellee-intervenors.

W. David Evans, Angleton, for appellee-intervenor owners, John Alexander, Executor of the Estate of C. H. Alexander, deceased, Mrs. C. H. Alexander, Myron D. Williams and J. G. Jacquemine.

Motions for Rehearing

COLEMAN, Justice.

This is an appeal from a judgment denying the pleas of privilege of the American Canal Company of Texas and the Texas Water Commission, to be sued in the District Court of Travis County, Texas.

The American Canal Company of Texas is the owner of Permit No. 1040 authorizing it to appropriate 99,932 acre feet of Brazos River water per annum for irrigation, manufacturing and municipal purposes. This permit, issued in 1927, authorized the diversion of the water for irrigation uses. In 1936 the permit was amended so as to authorize the use of the water or any portion thereof for manufacturing or commercial use. In 1941 and 1942 further amendments were secured authorizing the irrigation of 48,179 acres of land in Galveston, Brazoria and Harris Counties, Texas, in place of the same number of acres in Fort Bend County described in the original permit. These lands were outside the watershed of the Brazos River. In 1947 an amendment was secured authorizing the use of "so much of the waters granted by Permit 1040 * * * as is not required or used for irrigation * * * for manufacturing and municipal purposes in Texas City, Texas, Galveston, Texas, and the industrial area in the vicinity of Texas City, Texas." In 1949 the permit was amended to permit the Company to discontinue service to certain lands in its irrigation area and to institute service to certain new lands.

On November 7, 1962, American Canal submitted an application to further amend Permit 1040, as amended, as well as an application to divert certain quantities of water from Clear Creek for use in the Clear Creek-Clear Lake area. After a joint hearing on the two applications, a permit was granted authorizing the appropriation of water from Clear Creek, and Permit No. 1040, as amended, was further amended to authorize American Canal Company of Texas to use "for industrial purposes not to exceed thirty thousand (30,000) acre feet per annum of the ninety-nine thousand, nine hundred thirty-two (99,932) acre feet of water heretofore authorized for 'irrigation, manufacturing and municipal' purposes under Permit No. 1040 as amended."

The Company was authorized to introduce the Brazos River water into Clear Creek at a specified point in Fort Bend County and to transport the water by use of the bed and banks of Clear Creek to a point in Harris County, Texas, where it could be removed from Clear Creek and used within the Clear Creek-Clear Lake drainage area in northern Brazoria and Galveston Counties and southern Harris County for industrial purposes.

The Dow Chemical Company filed an appeal from the action of the Texas Water Commission in granting the amendment and the new permit in the District Court of Fort Bend County naming the Texas Water Commission and the American Canal Company defendants. Both filed pleas of privilege alleging that exclusive venue of appeals from orders of the Texas Water Commission is vested in the District Courts of Travis County, Texas by the provisions of Section 12, Art. 7477, Vernon's Annotated Civil Statutes. In its controverting plea plaintiff alleged that the case involved the trans-diversion of water from the Brazos River watershed into another watershed or watersheds and that the initial point of diversion from the Brazos River is in Fort Bend County and that jurisdiction and venue of the case is fixed in that county by Article 7590, Vernon's Annotated Texas Civil Statutes. The cities Freeport, Sweeny, Brazoria, Rosenberg, Richmond, Lake Jackson, Clute, Angleton, West Columbia, the counties Fort Bend and Brazoria, and certain individuals intervened in

the cause after the pleas of privilege were filed.

Article 7590 [1] provides:

"Before any person, association of persons, corporation, water improvement or irrigation district shall take any water from any natural stream, water course or watershed in this State into any other watershed, such person, association of persons, corporation, water improvement or irrigation district shall make application to the Board of Water Engineers for a permit so to take or divert such waters, and no such permit shall be issued by the Board until after full hearing before said Board as to the rights to be affected thereby, and such hearing shall be held and notice thereof given at such time and such place, in such mode and manner as the Board may prescribe; and from any decision of the Board an appeal may be taken to the district court of the county in which such diversion is proposed to be made, in the mode and manner prescribed in this chapter for other appeals from the decision of the Board."

Subdivision 12 of Article 7477 reads:

"Any person affected by any ruling, order, decision, or other act of the Board, may, within one hundred and twenty (120) days after the date on which such act is performed, or, in case of a ruling, order, or decision, within one hundred and twenty (120) days after the effective date thereof, file a petition in an action to review, set aside, modify, or suspend such ruling, order, decision, or other act. Or any party affected by the failure of the Board to act in a reasonable time upon an application to appropriate water, or to perform with reasonable promptness any other duty imposed by this Chapter, may file a petition in an action to compel the Board to show cause why it

should not be directed by the court to take immediate action. The venue in any or all such actions is hereby fixed exclusively in the District Court of Travis County, Texas."

For many years prior to the enactment of Subdivision 12, Article 7477, there was no general statutory right of appeal from orders and decisions of the Board of Water Engineers.

In McDonald, Texas Civil Practice, Vol. I, p. 320, this statement of the law, applicable to both Article 7590 and Sec. 12 of Art. 7477, appears:

"Statutes permitting suits against the State, or authorizing special proceedings for the settlement of rights which exist wholly by virtue of statute rather than by virtue of the Constitution or the common law, often fix the county wherein suit must be prosecuted, and such provisions are commonly treated as jurisdictional. Conceptually, however, any statute which lodges in the courts of a single county (named specifically or identified by a description applicable only to it) the exclusive power to try a certain type of case is jurisdictional, even though it be placed by the legislature in juxtaposition to true venue provisions or be referred to in its body as a venue statute."

This statement is supported by the decisions of the Supreme Court of Texas in Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, and Texas Employers Ins. Ass'n v. Evans, 117 Tex. 113, 298 S.W. 516.

■ There can be little question but that prior to the enactment of Sec. 12, Art. 7477, the provision of Art. 7590 granting the right of appeal was exclusive and jurisdictional. After the enactment of Subd. 12, Art. 7477, the jurisdiction granted to the

1. This citation, and all other statutes cited herein, refer to Vernon's Annotated Texas Civil Statutes.

district court of the county, in which was located the point of diversion of water from one watershed to another, was no longer exclusive. However, jurisdiction remained in the district court of such county.

▬ The repeal of laws by implication is not favored. Wintermann v. McDonald, 129 Tex. 275, 102 S.W.2d 167. A general law will not ordinarily be held to have repealed, by implication, a particular or special law, though both relate to the same subject matter and the particular, or special, law is usually construed as constituting an exception to the general law. Cole v. State, 106 Tex. 472, 170 S.W. 1036; Flowers v. Pecos River Railroad Co., 138 Tex. 18, 156 S.W.2d 260; Jefferson County v. Board of County & District Road Indebtedness, 143 Tex. 99, 182 S.W.2d 908; State v. The Praetorians, 143 Tex. 565, 186 S.W.2d 973; 53 Tex.Jur.2d 160. The provision of Art. 7590 concerning appeals is not worded in such a manner as to grant exclusive venue. It provides that an appeal *may* be taken. Until the enactment of Art. 7477, Sec. 12, there was no other court to which an appeal could be taken so the venue granted was necessarily exclusive. This is no longer true. The legislative intent to give exclusive venue to the District Court of Travis County is clearly expressed in Art. 7477. Rules of construction cannot override the clearly expressed terms of a duly enacted law. While it may be that appellee has attempted to bring this action under Art. 7590, nevertheless the facts alleged show that Art. 7477 is applicable also. While the District Court of Fort Bend County has general jurisdiction of a trans-diversion case, on a showing of the necessary jurisdictional facts, still venue of the case is controlled by the mandatory venue provision of Art. 7477, Subd. 12. Langdeau v. Burke Investment Company, 163 Tex. 526, 358 S.W.2d 553; Mitchell v. Porter, Tex.Civ.App., 194 S.W. 981; Union Terminal Company v. McDonald, Tex.Civ.App., 324 S.W.2d 561.

The motions for rehearing are granted in part and our original opinion is ordered withdrawn. The judgment of the trial court is reversed and the trial court is directed to enter judgment sustaining appellants' pleas of privilege and transferring the case to the District Court of Travis County, Texas.

Former judgment vacated, set aside and annulled; original opinion withdrawn; and judgment rendered and opinion on rehearing filed June 18, 1964.