

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 18, 1969

Hon. Charles L. Morris
Executive Director
Veterans Affairs Commission
Drawer 11, Capitol Station
Austin, Texas  78711

Opinion No. M-541

Re:  Whether the County Clerks, District Clerks and other public officials of this State, are required to furnish more than one copy of a certified or authenticated instrument, public record or document, when such copies are necessary to prove or establish a claim for benefits based on service in the Armed Forces of the United States of America.

Dear Mr. Morris:

In your request for an opinion from this office, you submit the following facts, which we quote, in part, as follows:

"Copies of instruments necessary as proof to establish claims, are required for compensation claims, pension claims, burial allowance, grave marker, insurance claims, survivor benefits claims, and other forms of claims or settlement for service rendered in the Armed Forces of the United States.

"Such claims are directed to various agencies, and documents necessary to prove such claims are required by the various agencies for incorporation into the respective agency's file maintained on such claim.

" . . .

"Your opinion is necessary due to the fact that the County Clerk of Harris County, will issue only one (1) copy of an instrument or document without cost, and refuses to issue additional copies

2582

without cost, when requested by Veterans Service
Officers or County Service Officers for use in
connection with a veteran's or survivor's claim.

"An example of the problem is refusal of
County Clerk to issue additional copies of death
certificate, which are requested by veterans
service officers, as required evidence in support
of pension and insurance claims, when initial
copy of such certificate has been requested by
a funeral director in support of burial allowance
claim in the same case."

With regard to these facts you ask the following ques-
tion:

"We are desirous of knowing whether Article
1939a, provides for the issuance of more than
one copy of a document or instrument without
cost, when such documents or instruments are to
be used in connection with establishing claims
for benefits based on service in the Armed Forces."

Article 1939a, Vernon's Civil Statutes, reads, in part,
as follows:

"Article 1. Any person, his guardian, or
his dependents or heirs at law who is eligible
to make a claim against the Government of the
United States of America . . . shall upon the
request therefor by such person, his guardian,
or his dependents, or heirs at law, be furnished
without cost a certified and authenticated copy
or copies of any instrument, public record or
document necessary to prove or establish such
claim, which is in the custody or on file in
the office of County Clerks, District Clerks
and other public officials of this State, by
such officials. . . . (Emphasis added.)

"Art. 2. The rights conferred by this
Act shall extend to any person, his guardian
or his dependents, or heirs-at-law who are
eligible by reason of service heretofore or
hereafter rendered in the Armed Forces of the
United States of America, . . . when such per-
son, his guardian, or his dependents, or heirs-
at-law are eligible to make claim against the
Government of the United States of America as
a result of such service.

"  .  .  ."

In Attorney General's Opinion WW-891 (1960), it is stated as follows:

"Article 1939a is explicit in that County Clerks, District Clerks and other officials must issue without cost certified copies of any instruments, public records or documents necessary to establish proof of claims against the United States for the purpose of obtaining benefits to ex-servicemen, their guardians, dependents and heirs-at-law upon their request.

"  .  .  .

"It is the opinion of this office that when the Veterans County Service Officer is requested by veterans, orphans or dependents for aid in preparing a claim under Article 5798a-2, the Veterans County Service Officer has authority to act in their behalf and is entitled to request and receive from the County Clerk of any county in the State of Texas, without cost, certified copies of instruments for the purpose of establishing proof of claim."

Also, in Attorney General's Opinion M-128 (1967), this office answered the question whether veterans would have to pay for certified copies of instruments necessary to establish proof of Armed Forces benefits under the provisions of House Bill 80, Acts of the 60th Legislature, Regular Session, 1967, ch. 681, p. 1789. In holding that such persons are not required to pay a fee, the opinion states, in part, as follows:

"Your third question asks whether House Bill 80 authorizes the county clerks to charge for filing of documents relating to veterans of the armed services who are now exempt under Article 1939a, Vernon's Civil Statutes, from paying a fee. Since Article 1939a refers only to an exemption of fee payments for certified copies of documents, we assume you meant to ask whether the veterans would now have to pay for certified copies of such instruments. It is our opinion that they do not. (Emphasis added.)

"House Bill 80 is a general act covering all fees to be charged by the various county

2584

clerks for performing the services spelled out in the act.

"Article 1939a is a special act covering only designated individuals and its effect is to exempt those designated individuals from paying a fee for certified copies of any public record necessary to establish a claim against the United States Government arising from service in the armed forces or an auxiliary thereto. This act applies not only to county clerks, but to district clerks, and other public officials of this state.

"Considering the two acts together, it is our opinion that it was not the intention of the Legislature to repeal or amend Article 1939a with House Bill 80, as far as county clerks are concerned.

" . . .

"House Bill 80 is a general act and Article 1939a is a special act, and the general rule of construction is to the effect that general acts do not repeal specific acts by implication unless such a construction is necessary to give meaning to the general act. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); State v. Humble Oil & Refining Co., 187 S.W.2d 93 (Tex.Civ.App. 1945, writ ref. w.o.m.); American Canal Co. v. Dow Chemical Co., 380 S.W.2d 662 (Tex.Civ.App. 1964, writ dismissed.)

We have found no general law which would have the effect of repealing the provisions of Article 1939a. Consequently, it is our opinion, based on the authority of Opinion WW-891 (1960) and Opinion M-128 (1967), that the County Clerks, District Clerks and other public officials of this State are required to furnish without cost more than one copy of a certified or authenticated instrument, public record or document, when such copies are necessary to prove or establish a claim for benefits based on service in the Armed Forces of the United States of America.

### S U M M A R Y

County Clerks, District Clerks and other public officials of this State, are required

to furnish without cost more than one copy of a certified or authenticated instrument, public record or document, when such copies are necessary to prove or establish a claim for benefits based on service in the Armed Forces of the United States of America.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
David Longoria
Steve Hollihan
James McCoy
Camm Lary

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant