**The STATE of Texas, Appellant,**

v.

**Johnny Don JONES, Appellee.**

**No. 12855.**

Court of Civil Appeals of Texas, Austin.

July 26, 1978.

James L. McMurtry, Travis County Atty., B. Neal Stokey, Asst. County Atty., Austin, for appellant.

Brian E. Berwick, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from an order of temporary hospitalization in a mental institution pursuant to article 5547–38 of the Texas Mental Health Code.

We dismiss the appeal.

The State sought to have Johnny Don Jones involuntarily committed to a mental hospital for a period not to exceed ninety days. Trial was to the court. It found that Jones required observation and/or treatment for his own welfare and protection or the protection of others. Judgment was rendered that Jones be committed to a mental hospital for sixty days followed by thirty days of outpatient treatment. The State has appealed.

The State is before this Court on two points of error. It contends that the court erred in entering its judgment because there is no evidence to support the judgment and because the Mental Health Code does not authorize a combination of hospitalization and outpatient treatment.

We do not reach these points because, in our opinion, the State has no appeal from an order of temporary hospitalization.

Appeal from an order of temporary hospitalization is governed by Section 39a of the Texas Mental Health Code. Section 39a provides:

"The *person ordered committed may appeal the Order of Temporary Hospitalization* by filing written notice thereof with the County Court within five (5) days after the Order of Temporary Hospitalization is entered." (Emphasis added)

The Code further provides for transmittal of "a certified copy of the proceedings to the Court of Civil Appeals of the county,"[1] for a stay of the Order of Temporary Hospitalization,[2] and that "Such cases shall be advanced on the docket and given a preference setting over all other cases."[3]

Clearly, under the applicable provision of the Code only the person ordered committed may appeal the order of temporary hospitalization. The State is not entitled to appeal under these provisions.

Nor do we think that the State has a right to appeal an order of temporary hospitalization under article 2249, Tex.Rev.Civ. Stat.Ann. (1971), which provides a general right of appeal from all final judgments. That article provides that "an appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction . . ." However, we find the omission of any right of appeal in the state from Section 39a of the Texas Mental Health Code to be controlling. cf. C_L_B_ and L_J_B_ v. State of Texas, Supreme Court of Texas, 567 S.W.2d 795 (1978).

It is a well-settled rule of statutory construction that a *specific* statute evidences the intention of the Legislature more clearly than a *general* one, and therefore should control. *Townsend v. Terrell*, 118 Tex. 463, 16 S.W.2d 1063 (1929); see also *American Canal Company of Texas v. Dow Chemical Co.*, 380 S.W.2d 662 (Tex.Civ. App.1964, writ dism'd). An act containing *specific* provisions controls, and prevails over, a prior act dealing with the subject *generally*. See 53 Tex.Jur.2d *statutes*, § 111, at 161 (1964), and authorities cited. Moreover, "the existence or nonexistence of a particular intent may be inferred from the fact that an act does not contain a certain provision." 53 Tex.Jur.2d *statutes*, § 131, at 194, and authorities cited.

In the case at bar, Section 39a of the Code gives only the "person committed" the right to appeal an order of temporary hospitalization. The State is not specifically given the right to appeal by this section. Accordingly, we hold that the State has no right of appeal from an order of temporary hospitalization. cf. C_L_B_ and L_J_B_ v. State of Texas, supra.

Appeal is dismissed.

Appeal Dismissed.

---

1. Article 5547–39b.

2. Article 5547–39c.

3. Article 5547–39d.