

# THE ATTORNEY GENERAL
## OF TEXAS

December 10, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University
   System
P. O. Box 12788
Austin, Texas   78711

Opinion No. JM-583

Re:   Whether a member of the board of trustees of a community college district must abstain from voting on particular matters under article 988b, V.T.C.S., where he is an officer in a bank affected by the vote and holds a substantial interest therein

Dear Mr. Ashworth:

On behalf of a community college, you request an opinion on the following question:

> Must a member of the board of trustees of a community college district abstain from voting on financial matters affecting fund balances in the district depository bank if the member is an officer in the bank, and holds a substantial interest in the bank as defined by article 988b?

A brief submitted on behalf of the trustee in question states that he is a trust officer of the bank which serves as the depository bank for the community college. A letter from the community college states that the bank was chosen as its depository before the trustee in question was elected to the board.

Article 988b, V.T.C.S., applies to conflicts of interest involving local public officials. It applies to a member of the governing body of "any district (including a school district) . . . who exercises responsibilities beyond those that are advisory in nature" and who has a substantial interest in a business entity that would be affected by an action of the governing body. V.T.C.S. art. 988b, §1(1). The trustees of a community college exercise responsibilities that are not merely advisory in nature. See, e.g., Educ. Code §130.084; Letter Advisory No. 149 (1977) (trustees of community college district are officers).

The trustee's salary from the bank exceeds ten percent of his gross income. Therefore, he has a substantial interest in the bank

for purposes of article 98£b.  V.T.C.S. art. 988b, §2(a)(2).   Article 988b, V.T.C.S., provides in part:

> Sec. 3.   (a) Except as provided by section 5 of this Act, a local public official commits an offense if he knowingly:
>
> (1) <u>participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved;</u>
>
>         . . . .
>
> (b) An offense under this section is a Class A misdemeanor.
>
> Sec. 4.   If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be peculiarly affected by any official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter.   The affidavit must be filed with the official recordkeeper of the governmental entity.
>
> Sec. 5.   [Exception for business that is only business within the jurisdiction which supplies the product or service and that is sole bidder.] (Emphasis added).

V.T.C.S. art. 988b.

The community college district board of trustees is concerned that the trustee in question may be required by article 988b, V.T.C.S., to abstain from participation in any vote which would result in an expenditure and thereby decrease the funds on deposit in the depository bank.   The bank would be affected by such action, since a reduction of the amount on deposit could decrease the interest income earned by the bank on the deposit.   <u>See</u> Attorney General Opinion JM-178 (1984).   However, the letter from the community college board of trustees points out that section 23.75 of the Education Code, and not article 988b, V.T.C.S., may control the trustee's powers and duties toward the depository bank.

Section 23.75 of the Education Code is a provision of the School Depository Act. Educ. Code §§23.71-23.80. This office has determined that the School Depository Act applies to community colleges as well as to independent school districts. Attorney General Opinions JM-13 (1983); MW-272 (1980). Section 23.75 of the Education Code states as follows:

> In the event a member of the board of trustees of a school district is a stockholder, officer, director, or employee of a bank, said bank shall not be disqualified from bidding and becoming the school depository of said school district provided said bank is selected by a majority vote of the board of trustees of said school district or a majority vote of a quorum when only a quorum eligible to vote is present. Common law rules in conflict with the terms and provisions of this Act are hereby modified as herein provided. If a member of the board of trustees of a school district is a stockholder, officer, director, or employee of a bank that has bid to become a depository for said school district, said member of said board of trustees shall not vote on the awarding of a depository contract to said bank and said school depository contract shall be awarded by a majority vote of said trustees as above provided who are not either a stockholder, officer, director, or employee of a bank receiving a school district depository contract. (Emphasis added).

Educ. Code §23.75. This provision was enacted as part of the School Depository Act of 1967. Acts 1967, 60th Leg., ch. 456, §4, at 1040.

Prior to 1967 this office on several occasions construed the predecessor to the School Depository Act. Acts 1905, 29th Leg., ch. 124, §165, at 263; repealed by Acts 1979, 66th Leg., ch. 829, at 2167. The opinions of this office determined that a stockholder, officer, director, or managing employee of a corporation serving as a school district depository could not serve as trustee of that school district. See, e.g., Attorney General Opinions WW-161 (1957); O-7514 (1946); O-5158 (1943); O-2656 (1940); Attorney General Opinion (To Hon. S.M.N. Marrs, September 16, 1929), 1928-30 Texas Attorney General Biennial Report 126. Most of these opinions quoted the reasoning of an opinion of September 16, 1929 which concluded that a stockholder or director of the depository corporation would not be eligible to serve as trustee of the school district contracting with the depository. The opinion stated as follows:

> [T]he two positions present such a conflict of interests as to prevent the holding of the two

> relationships at one and the same time. The
> trustees of an independent school district have as
> part of their duty the task of seeing that the
> treasurer or depository properly manages the fund
> and moneys of the school district. It is also
> incumbent upon the trustees to see that the school
> funds are properly protected by bonds and that the
> solvency of the bonds and also the solvency of the
> institution should be watched after to the end
> that the moneys may always be properly protected.
> Innumerable instances could be recounted where the
> pecuniary interests of a stockholder in a corpora-
> tion would sway the trustee to an act of favorit-
> ism, at least that an unbiased and non-interested
> trustee would resolve against such depository or
> treasurer; without attempting to enumerate these
> various objections we conclude that upon the
> grounds of public policy the two positions are
> incompatible. . . . (Emphasis added).

Attorney General Opinion (To Hon. S.M.N. Marrs, September 16, 1929),
1928-30 Texas Attorney General Biennial Report 126.

·The enactment of section 23.75 of the Education Code modified the
common law rule expressed in the September 16, 1929 opinion. The
common law prohibition against such a contract applied not only to
contract formation but to actions taken by the trustees that had a
bearing on the contract. See Attorney General Opinions O-7514 (1946);
O-2656 (1940); Attorney General Opinion (To Hon. S.M.N. Marrs,
September 16, 1929), supra. In our opinion, section 23.75 must be
read to permit actions which the trustees must necessarily perform
under an existing depository contract. Otherwise, the common law
rule would prohibit the entire board from acting in any matter
involving the depository contract if one board member were pecuniarily
interested in it. See Delta Electric Construction Co. v. City of San
Antonio, 437 S.W.2d 602 (Tex. Civ. App. - San Antonio 1969, writ ref'd
n.r.e.); Attorney General Opinion JM-424 (1986).

The detailed provisions of the School Depository Act limit,
moreover, the board's discretion, thereby providing some protection
from the favoritism against which the common law rule was directed.
Section 23.77 of the Education Code sets out the depository's duties
in detail and expressly reserves the district's right to invest funds
as permitted by sections 20.42 and 23.80 of the Education Code.
Section 23.79 of the Education Code provides that

> [t]he bank or banks selected as school depository
> or depositories in accordance with the terms and
> provisions of this Act, and the school district
> shall make and enter into a depository contract or
> contracts, bond or bonds, or such other necessary

> instruments setting forth the duties, responsibil-
> ities, and agreements pertaining to said deposit-
> ory, <u>in a form and with the content prescribed by
> the State Board of Education</u>, attaching to the
> contract and incorporating in the contract by
> reference the bid of the depository. . . .
> (Emphasis added).

Educ. Code §23.79(a).

Section 23.75 of the Education Code in effect allows an individual to be a school trustee despite his role as stockholder, officer, director, or employee of the school's depository bank. We do not believe the legislature intended to restrict that board member's participation in the business of the board to the extent that he would virtually be a non-voting trustee. In our opinion, since section 23.75 requires the trustee to recuse himself only from the decision to enter into the contract, it impliedly authorizes a board member with an interest in the depository to vote on expenditures that would decrease the amount of funds on deposit.

The depository bank is required by law to pay the checks and drafts written by the school board on its funds. Educ. Code §§23.77, 23.79. Such a provision is central to the depository contract, and is set out in some detail in the contract and statute. A prospective bidder should be fully aware of the school board's right to withdraw funds. We believe that the interested trustee may participate in the routine exercise of the board's right to withdraw funds as established by the contract and the statute.

The School Depository Act is a special statute which governs a particular kind of contract entered into by independent school districts and community college districts. Section 23.75 modifies the common law rule applicable to a specific conflict of interest that might arise in the context of school depository contracts. As a specific statute, it was not repealed by article 988b, V.T.C.S. The latter statute is a general provision, which applies to conflict of interest situations involving local officers as a class. The specific statute more clearly evidences the legislative intent, and is considered to be an exception to the more recently enacted general statute. <u>Townsend v. Terrell</u>, 16 S.W.2d 1063 (Tex. 1929); <u>American Canal Co. v. Dow Chemical Co.</u>, 380 S.W.2d 662 (Tex. Civ. App. - Houston 1964, writ dism'd); <u>Hallum v. Texas Liquor Control Board</u>, 166 S.W.2d 175 (Tex. Civ. App. - Dallas 1942, writ ref'd). Therefore, article 988b, V.T.C.S., does not govern the trustee's conduct in the present case.

Briefs submitted in connection with your request refer to Attorney General Opinion M-331 (1969). This opinion construed the predecessor statute to section 23.75 of the Education Code, which was essentially the same as the present provision. <u>See</u> Acts 1967, 60th

Leg., ch. 456, §4, at 1040, 1041 (formerly codified as V.T.C.S. art. 2832c, §4(b)(1925)) (recodified 1969). Attorney General Opinion M-331 concluded that the predecessor to section 23.75 of the Education Code allowed a school district to borrow money from the depository bank even though a school board member was also an officer or stockholder in that bank. Relying on analogies between a contract of deposit and a contract of loan expressed in an attorney general opinion and judicial authorities, Attorney General Opinion M-331 concluded that

> the legislature intended to remove the common law prohibitions which, in the past, had prevented a school board from borrowing from and/or choosing as a depository, a bank in which one of its members also serves as a director or stockholder provided that the school district had adopted article 2832c and had complied with section 4 thereof.

Attorney General Opinion M-331 (1969) at 4.

The reasoning and conclusion of Attorney General Opinion M-331 was criticized in Attorney General Opinion H-649 (1975), which determined that a city was prohibited from borrowing money from a bank of which the mayor was director. Article 2529c, V.T.C.S., allowed state agencies and political subdivisions to choose a depository even though a member of its governing body was an officer, director, or stockholder of the depository corporation. Despite the similarity between article 2529c, V.T.C.S., and section 23.75 of the Education Code, Attorney General Opinion H-649 declined to follow Attorney General Opinion M-331, stating as follows:

> Although Attorney General Opinion M-331 found little difference between depositing public funds in a depository bank and borrowing funds from that depository, there are numerous statutory requirements regarding the qualifications and selection of a depository and the security which must be provided to protect the governmental body's deposits. See Education Code, §23.71 et seq. These restrictions and requirements do not apply to other transactions such as the type you describe. Compare Attorney General Opinion V-640 (1948).
>
> [W]e do not believe the Legislature intended that article 2529c should have a wider application than its language plainly indicates. We think a narrow exception to the old and well established common-law rule against self-dealing was intended and that intent is reflected in the language of the statute where it provides that 'common-law rules

> in conflict are hereby modified as herein provided.'

Attorney General Opinion H-549 (1975) at 3-4.

We agree with the criticisms of Attorney General Opinion M-331 which are expressed in Attorney General Opinion H-649. We do not believe section 23.75 of the Education Code removes common law prohibitions against loan transactions between the school district and its depository where the same individual is a trustee of the school district that borrows the money and a stockholder, officer, director, or employee of the depository bank which lends the money. Attorney General Opinion M-331 incorrectly construes section 23.75 of the Education Code and we hereby overrule it.

In view of our answer to your first question, we need not answer your second question.

## S U M M A R Y

Section 23.75 of the Education Code constitutes an implied exception to the provisions of article 988b, V.T.C.S. Under section 23.75 of the Education Code, a trustee of a community college district who is also a stockholder, officer, director, or employee of the district's depository bank may vote on matters which would result in an expenditure and thereby decrease the funds on deposit in the depository bank. Attorney General Opinion M-331 (1969) is overruled.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General