TEXAS WATER COMMISSION, Appellant,

v.

Charles M. ACKER, Appellee.

No. 3–87–244–CV.

Court of Appeals of Texas, Austin.

May 17, 1989.

Rehearing Denied Aug. 2, 1989.

Ginny Agnew, Asst. Atty. Gen., Austin, for appellant.

J. Bruce Bennett, Jeffery L. Hart, Cardwell & Hart, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

This appeal arises out of summary judgment in the district court reversing a Texas Water Commission (Commission) decision denying Charles M. Acker's application for a wastewater-treatment permit. We will reverse the judgment and remand the cause.

Acker applied to the Commission for a wastewater treatment plant permit to provide service to residents of his mobile-home park. The hearings examiner recommended the Commission grant Acker's permit, and the Commission subsequently conducted a public hearing to consider the application. During a recess, two of the Commissioners were overheard discussing the application outside the hearing room. When the meeting reconvened, one of these Commissioners voted to grant the application. The remaining two Commissioners voted to deny it. On December 8, 1986, however, the Commission issued a written order unanimously denying Acker's permit.

Acker sued in the district court for review of the agency order, pursuant to Tex. Water Code Ann. § 5.351 (1988) and Tex. Rev.Civ.Stat.Ann. art. 6252–13a § 19 (Supp.1989) (APTRA), alleging violations of the Open Meetings Act, 1973 Tex.Gen. Laws, ch. 31, § 1 at 45 [Tex.Rev.Civ.Stat. Ann. art. 6252–17, since amended]. Acker moved for, and the court granted, summary judgment on findings that the Commission violated the Act by:

a. [A] deliberation of the Plaintiff's permit application by two of the three members of the Texas Water Commission in an unauthorized closed meeting without any notice during a recess of the Commission's Novem-

ber 26, 1986 hearing on said permit application.

b. [A]n unauthorized closed deliberation by the members of the Texas Water Commission of the Plaintiff's permit application and without any notice, after the decision on Plaintiff's application was announced, which closed deliberation resulted in the December 8, 1986 Order being issued on decisional grounds that were not announced at the November 26, 1986 hearing, and on a vote different than that announced at the November 26, 1986 hearing on said permit application.

The court declared the Commission's order null and void and remanded the case to the Commission for further proceedings. If either violation is upheld, the Commission's decision is voidable and we must affirm the trial court. *Lower Colorado River Authority v. City of San Marcos*, 523 S.W.2d 641, 646 (Tex.1975); *Garcia v. City of Kingsville*, 641 S.W.2d 339, 341 (Tex.App.1982, no writ); Tex.Rev.Civ.Stat. Ann. art. 6252–17, § 3 (Supp.1989).

The Commission waived its first point of error during oral argument and proceeds on its two remaining points. In its second point of error, the Commission contends that the district court erred in granting Acker's summary judgment because disputed issues existed as to a material fact. In its third point of error the Commission asserts that any conversations between the Commissioners, limited to the hearing record, is not a "meeting" under the Open Meetings Act as a matter of law. Alternatively, the Commission suggests that APTRA allows an agency member to communicate *ex parte* with other members of a multi-member agency in contested cases; and, in consequence, any meeting between agency members cannot be an Open Meetings Act violation. In opposition, Acker argues that the Open Meetings Act requires administrative agency decision-makers to conduct their deliberations in public, without any private discussion among themselves. Because we find the Commission's third point of error dispositive, we will address it first.

■ The Open Meetings Act requires every regular, special, or called "meeting" of a governmental body to be open to the public, with certain narrowly-drawn exceptions. *Cox Enterprises v. Austin I.S.D.*, 706 S.W.2d 956, 958 (Tex.1986); Tex.Rev. Civ.Stat.Ann. art. 6252–17, § 2(a), and the exceptions set out in §§ 2(e)–(h), (j), and (m)–(p) (Supp.1989). The supreme court has held that the Open Meetings Act requires literal rather than merely substantial compliance. *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex.1986).

A "meeting" is defined as a deliberation of a quorum, and a "deliberation" is defined as a verbal exchange between a quorum of members attempting to arrive at a decision on any public business. Tex.Rev. Civ.Stat.Ann. art. 6252–17, § 1(a), (b) (Supp.1989). A "quorum" is defined as a majority of the governing body. Tex.Rev. Civ.Stat.Ann. art. 6252–17, § 1(d) (Supp. 1989). Because the Texas Water Commission consists of three members, two members would meet the requirement of a "quorum."

Some authorities suggest that the foregoing definitions require administrative agency decision-makers to deliberate only upon proper notice and before a public audience. *See,* Buckle *How to Effectively Participate In The Adjudicatory and Legislative Functions of Texas Environmental Agencies,* 9 St. Mary's L.J. 789, 806–808 (1978); Tex.Atty' Gen.Op. No. H–1269 (1978).

The original APTRA, 1975 Tex.Gen. Laws, ch. 61, § 17 at 146 [Tex.Rev.Civ.Stat. Ann. art. 6252–13a, since amended], its amendments and the Revised Model State Administrative Procedure Act, 14 Uniform Laws Annotated 357 (1980) (Model Act), suggest a different result. *See also Galveston County v. Texas Dept. of Health,* 724 S.W.2d 115, 119 n. 4 (Tex.App.1987, writ ref'd n.r.e.); Shannon and Ewbank, *The Texas Administrative Procedure and Register Act since 1976—Selected Problems,* 33 Baylor L.Rev. 393, 440 (1981).

Section 17 of APTRA, which forbids *ex parte* communications, was derived from § 13 of the 1961 Model Act which provides:

Unless required for the disposition of *ex parte* matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law *in a contested case* shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member

(1) *may communicate with other members of the agency,* and

(2) may have the aid and advice of one or more personal assistants.

(emphasis added). Section 13 of the 1961 Model Act, in substance, forbids *ex parte* communications by members of an agency on issues of fact with anyone *except* other members of a multi-member agency or the member's personal assistants.

As originally enacted in 1975, APTRA § 17 departed from the Model Act and provided:

Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case may not communicate, directly or indirectly, in connection with any issue of fact or law with any party or his representative, except on notice and opportunity for all parties to participate.

This original version of APTRA prohibited only *ex parte* communications with parties and their representatives, impliedly permitting such communications with *any other* person. The next legislature amended § 17 to prohibit *ex parte* communications with anyone other than another agency member in a multi-member agency, or other decision-makers under certain circumstances.

Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case may not communicate, directly or indirectly, in connection with any issue of fact or law with any agency, person, party or their representatives, except on notice and opportunity for all parties to participate. *An agency member may communicate ex parte with other members of the agency,* and pursuant to the authority provided in Subsection (g) of Section 14, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case may communicate ex parte with employees of the agency who have not participated in any hearing in the case for the purpose of utilizing the special skills or knowledge of the agency and its staff in evaluating the evidence.

1977 Tex.Gen.Laws, ch. 780, § 17 at 1959 [Tex.Rev.Civ.Stat.Ann. art. 6252–13a, since amended] (emphasis added).

Because APTRA explicitly permits agency members to communicate *ex parte* with other agency members on issues of fact or law, it appears to conflict with the Open Meetings Act. Two statutes which relate to the same subject matter, however, should be harmonized and given effect. *Duval Corporation v. Sadler,* 407 S.W.2d 493, 497 (Tex.1966); *Gordon v. Lake,* 356 S.W.2d 138, 139 (Tex.1962). The general rule is that when there are two statutes, one general and one specific, both must stand if possible, and the intention of the legislature is more clearly reflected by the special statute than by the general one. *Hunt v. Atkinson,* 12 S.W.2d 142, 145 (Tex. Comm.App.1929, jdgmt adopted). In cases of apparent conflict, a subsequently enacted specific law usually is construed as constituting an exception to, or qualification of, a previously enacted general law. *State v. Jones,* 570 S.W.2d 122, 123 (Tex. Civ.App.1978, writ ref'd n.r.e.); *American Canal Co. v. Dow Chem. Co.,* 380 S.W.2d 662, 666 (Tex.Civ.App.1964, writ dism'd).

Though APTRA has always allowed *ex parte* communications between agency members in a multi-member agency, the 1977 amendment explicitly permits such communications. The Open Meetings Act is a general statute, applying to every level of state government and any meeting by a

quorum of a governmental body which meets to discuss any public business or policy, with certain enumerated exceptions. APTRA, however, was adopted after the Open Meetings Act and is a specific statute with specific application (i.e., Section 17 applies, for present purposes, solely to contested cases decided before agencies subject to APTRA).

The summary-judgment record includes an affidavit by Andrew Taylor stating that, during a recess of the hearing, he overheard Commissioners Hopkins and Roming, outside the meeting room, discussing information regarding the costs of complying with the City of Huntsville sewer service. No further discussion took place within the hearing room before the Commission voted to deny the permit. The Commission's written order also included a statement regarding water quality, which Acker asserts was never publicly discussed by the Commissioners.

Witnesses in the Commission hearing, however, testified to both costs of sewer service and water quality, thereby putting these topics before the Commission for consideration. Based on our determination that APTRA allows private communications between agency members, any verbal exchange regarding these issues is not an Open Meetings Act violation and summary judgment on these grounds was improper.

The Commission's third point of error is sustained. We reverse the summary judgment and remand the cause to the trial court for proceedings not inconsistent with this opinion.