STINNETT-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-458-CV





JIM STINNETT,



 
 APPELLANT


vs.





WILLIAMSON COUNTY SHERIFF'S DEPARTMENT AND WILLIAMSON COUNTY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 91-13385, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 




 Jim Stinnett appeals from an order sustaining special exceptions to his pleadings
and dismissing his cause of action for retaliatory termination, with prejudice to its refiling. We
will affirm the trial court's judgment.

 From June 1983, Stinnett was employed as a patrol officer with the Williamson
County Sheriff's Department (the "Department"). During his tenure, Stinnett had filed a sworn
complaint with the Texas Commission on Human Rights (the "Commission") alleging the
Department had discriminated against him on the basis of age. On or about June 27, 1992, the
Department terminated Stinnett's employment. Stinnett then brought this suit in the district court
of Travis County alleging a single cause of action for retaliatory dismissal under the
"Whistleblower Act," Tex. Rev. Civ. Stat. Ann. art. 6252-16a (West Supp. 1993).

 The Department initially challenged the venue in Travis County and then filed
special exceptions to Stinnett's pleadings. The district court found that Stinnett had failed to state
a cause of action, sustained the special exceptions, and ordered Stinnett to amend his petition
within thirty days. After Stinnett filed amended pleadings, the Department again urged its special
exceptions, and the district court heard additional argument. The district court found that
Stinnett's amended pleading did not state a cause of action under the Whistleblower Act and that
further amendment of the pleadings would be futile. The court sustained the special exceptions
and dismissed the cause. Stinnett appeals and urges three points of error. We will discuss the
points of error together as they present a single interwoven argument--that, under the facts of this
case, Stinnett could maintain a cause of action under the Whistleblower Act, and that the trial
court erred in granting the special exceptions and dismissing the cause. 

 If the trial court sustains a party's special exceptions, the opposing party must be
given an opportunity to amend its petition before the case is dismissed. Massey v. Armco Steel
Co., 652 S.W.2d 932, 934 (Tex. 1983). If the defect in the pleadings is not cured after
amendment, the trial court may dismiss the case. Id.; Russell v. Texas Dep't of Human
Resources, 746 S.W.2d 510, 512-13 (Tex. App.--Texarkana 1988, writ denied). In reviewing an
order of dismissal on special exceptions, we must accept as true all the factual allegations set out
in the challenged pleading. Jacobs v. Cude, 641 S.W.2d 258, 261 (Tex. App.--Houston [14th
Dist.] 1982, writ ref'd n.r.e.).

 A special exception may serve several functions: "First, it may question the
sufficiency in law of the plaintiff's alleged claims; secondly, it may present dilatory matters shown
on the face of the pleadings; and thirdly, it may indicate formal defects in particular allegations." 
Brown v. Hawes, 764 S.W.2d 855, 856 (Tex. App.--Austin 1989, no writ). 

 In the immediate cause, we are presented with the first situation. By its special
exceptions, the Department challenged the sufficiency in law of Stinnett's alleged claim under the
Whistleblower Act. The essential factual allegations are well understood from the pleadings. The
only issue is whether Stinnett can maintain a cause of action under the Whistleblower Act. The
special exception is a proper procedure to challenge the plaintiff's failure to state a cause of
action. Moseley v. Hernandez, 797 S.W.2d 240, 242 (Tex. App.--Corpus Christi 1990, no writ).

 The basis of the Department's special exceptions was that Stinnett's exclusive
remedy for age discrimination was an administrative proceeding pursuant to the Commission on
Human Rights Act, Tex. Rev. Civ. Stat. Ann. art. 5221k (West 1987 & Supp. 1993) (the "Human
Rights Act"). The Department urged that Stinnett should not be able to "bootstrap" his ordinary
employment-discrimination dispute into a claim under the Whistleblower Act which provides more
advantageous remedy and special venue provisions. The district court apparently agreed and
dismissed Stinnett's suit. We agree, as well.

 Traditionally, the Whistleblower Act has been applied to public employees who are
fired in retaliation for reporting their employer's violations of law that are detrimental to the
public good or society in general. See, e.g., Johnston v. Del Mar Distrib. Co., Inc., 776 S.W.2d
768 (Tex. App.--Corpus Christi 1989, writ denied) (violation of federal firearms regulation); City
of Ingleside v. Kneuper, 768 S.W.2d 451, 453 (Tex. App.--Austin 1989, writ denied) (building
inspector corruption); Travis County v. Colunga, 753 S.W.2d 716 (Tex. App.--Austin 1988, writ
denied) (hazardous chemical misuse); City of Brownsville v. Pena, 716 S.W.2d 677, 680 (Tex.
App.--Corpus Christi 1986, no writ) (misuse of public funds). Whistleblowing has been defined
as "the act of a man or woman who, believing the public interest overrides the interest of the
organization he serves, publicly 'blows the whistle' if the organization is involved in corrupt,
illegal, fraudulent, or harmful activity." Winters v. Houston Chronicle Publishing Co., 795
S.W.2d 723, 727 (Tex. 1990) (Doggett, J., concurring). In this instance, however, we are faced
with an alleged violation of law that was detrimental to only one employee, Stinnett. 

 The Whistleblower Act uses broad language to bar retaliatory action against a
"public employee who reports a violation of law to an appropriate law enforcement authority if
the report is made in good faith." Whistleblower Act § 2 (emphasis added). Moreover, the
Whistleblower Act is remedial in nature and must be liberally construed. Castaneda v. Texas
Dep't of Agric., 831 S.W.2d 501, 503 (Tex. App.--Corpus Christi 1992, writ denied).

 Stinnett pleaded that he reported a violation of law, age discrimination in violation
of the Human Rights Act, to an appropriate law enforcement agency, the Commission, in good
faith and was subsequently discharged in retaliation for his complaint. For the purposes of this
review, we assume these allegations are true. Jacobs, 641 S.W.2d at 261. 

 Generally, a specific statute will control over a statute of more general application. 
Ex parte Harrell, 542 S.W.2d 169, 172 (Tex. 1976); Texas Water Comm'n v. Acker, 774 S.W.2d
270, 273 (Tex. App.--Austin 1989), aff'd, 790 S.W.2d 299 (Tex. 1990). The parties join issue
as to which of the two statutes is more specific to these facts. The Department urges that the
Human Rights Act is more specific because it provides relief specifically for age discrimination. 
Stinnett argues that the Whistleblower Act is more specific because it provides recourse for
retaliatory firing of public employees. The Human Rights Act, however, also provides a cause
of action for retaliation. Section 5.05(a) of the Human Rights Act specifically prohibits retaliatory
action against an employee who files a complaint with the Commission. Thus, firing an employee
in retaliation for a complaint is as much a violation of the Human Rights Act as the complained-of
discriminatory action. Stinnett complained of no wrongdoing or violation of law other than
violations of the Human Rights Act. We conclude that on the immediate facts, the Human Rights
Act is the more specific statute and that its terms should control.

 After an extensive discussion of the purposes of the Human Rights Act, the Texas
Supreme Court has held that filing a complaint with the Commission and exhausting administrative
remedies are mandatory prerequisites to filing a civil action alleging violation of the Human
Rights Act. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991); see also
Green v. Aluminum Co. of Am., 760 S.W.2d 378, 380 (Tex. App.--Austin 1988, no writ).

 In interpreting the Human Rights Act, it is proper to look to interpretation of
parallel federal laws, Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e (West 1981
& Supp. 1993), and the Age Discrimination in Employment Act, 29 U.S.C.A. § 621-634 (West
1985 & Supp. 1993). City of Austin v. Gifford, 824 S.W.2d 735, 739 (Tex. App.--Austin 1992,
no writ); Eckerdt v. Frostex Foods, Inc., 802 S.W.2d 70, 72 (Tex. App.--Austin 1990, no writ).

 The Age Discrimination in Employment Act imposes an exhaustion-of-
administrative-remedies requirement. 29 U.S.C.A. § 626(d) (West 1985). This Act has also been
found to be the exclusive remedy for age discrimination in the federal context. Patterson v.
Weinberger, 644 F.2d 521, 524-25 (5th Cir. 1981); see also Zombro v. Baltimore City Police
Dept., 868 F.2d 1364 (4th Cir. 1989). Similarly, a party must exhaust administrative remedies
before a civil action may be brought under Title VII. Schroeder, 813 S.W.2d at 487.

 The purposes of the Human Rights Act are (1) "to provide for the execution of the
policies embodied in Title VII of the federal Civil Rights Act of 1964 . . . and to create" a state
deferral agency pursuant to section 2000e-5(c) of the Civil Rights Act and section 633 of the Age
Discrimination in Employment Act; and (2) "to secure for persons within the state . . . freedom
from discrimination . . . concerning employment." Human Rights Act § 1.02. The Human
Rights Act set up the Commission as the state "deferral agency" to investigate and resolve
employment-discrimination claims. If a state has enacted anti-discrimination laws and created an
agency to process claims thereunder, the Equal Employment Opportunity Commission must defer
to the state agency for sixty days to allow investigation and resolution at the state level. 42
U.S.C.A. § 2000e-5(c) (West 1981); 29 U.S.C.A. § 633 (West 1985); Schroeder, 813 S.W.2d
at 485.

 Stinnett argues that he may pursue an action under either the Whistleblower Act
or the Human Rights Act. He cites language in section 6.01(a) of the Human Rights Act that an
employee "may file" a complaint with the Commission as meaning the pursuit of administrative
remedies is optional. He also cites the language in section 6.01(f) as recognizing civil actions
under other statutes. The Texas Supreme Court rejected these arguments in Schroeder and
concluded that filing a complaint and exhausting administrative remedies were jurisdictional
prerequisites to filing a civil claim under the Human Rights Act. Id. at 486-87.

 In Schroeder, the court was influenced by the underlying policy of Title VII to use
administrative procedures to promote conciliation and persuasion rather than litigation. Id. at 487. 
Just as this goal is promoted by requiring the exhaustion of administrative remedies before filing
a civil suit, it is furthered by placing the exclusive forum for resolution of violations of the Human
Rights Act in the Commission.

 The Human Rights Act created a comprehensive administrative review system to
accomplish its purposes. Schroeder, 813 S.W.2d 485-86. We conclude that by providing a
remedy for retaliation in the Human Rights Act, the legislature intended to create an exclusive
remedy under the terms of that statute.

 We conclude that Stinnett has failed to allege facts that would entitle him to sue
under the Whistleblower Act. We also conclude that the Human Rights Act provides the exclusive
remedy for retaliation for reported age discrimination. We overrule Stinnett's points of error.

 We affirm the judgment of the trial court. 



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: July 7, 1993

[Publish]